■ NORTHERN SOURCE, LLC, Appellant, v JAMES KOUSOUROS, Respondent. [966 NYS2d 377]—

Order, Supreme Court, New York County (Paul G. Feinman, J.), entered February 24, 2012, which, in this action alleging legal malpractice, denied plaintiff's motion to vacate an order, same court and Justice, entered February 11, 2010, granting, on plaintiff's default, defendant's motion to dismiss the complaint for failure to prosecute after service of a 90-day notice to resume

prosecution of the action and to file a note of issue, unanimously affirmed, without costs.

The motion court providently exercised its discretion in finding, pursuant to CPLR 5015 (a) (1), that plaintiff did not provide a reasonable excuse for its failure to timely prosecute this action, and did not demonstrate that it had a meritorious cause of action (*see e.g. Carroll v Nostra Realty Corp.*, 54 AD3d 623 [1st Dept 2008], *lv dismissed* 12 NY3d 792 [2009]; *see also Johnson v Minskoff & Sons*, 287 AD2d 233, 236 [1st Dept 2001]).

In seeking to establish a reasonable excuse, plaintiff relied on an affirmation from its new counsel, who did not represent plaintiff when it received the 90-day demand, when defendant moved to dismiss, or when the motion court dismissed the matter. Thus, plaintiff's counsel had no personal knowledge of the facts regarding plaintiff's default, and his affirmation did not suffice to establish a reasonable excuse (*see Incorporated Vil. of Hempstead v Jablonsky*, 283 AD2d 553 [2d Dept 2001]).

Plaintiff similarly failed to set forth any valid excuse for its failure to move to vacate the judgment within one year, as required by CPLR 5015 (a) (1) (*see Rosendale v Aramian*, 269 AD2d 209, 210 [1st Dept 2000]). Plaintiff's affirmation from recent counsel contains no personal knowledge of any facts relating to the 16-month delay in moving to vacate.

Furthermore, plaintiff failed to submit sufficient evidence showing that it had a meritorious legal malpractice claim. Again, the affirmation from plaintiff's counsel contains no firsthand knowledge regarding the claim, and while plaintiff also submitted the affidavit of its president, prepared in 2008 in support of plaintiff's unsuccessful motion for summary judgment, plaintiff failed to submit key exhibits referenced in the affidavit to show that it had a meritorious claim.

We have considered plaintiff's remaining arguments and find them unavailing. Concur—Tom, J.P., Acosta, Renwick, DeGrasse and Richter, JJ.