# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**550**
**CA 15-01661**
PRESENT: WHALEN, P.J., SMITH, LINDLEY, NEMOYER, AND SCUDDER, JJ.

---

SAL BARBIERI, DOING BUSINESS AS NORTHSIDE
ROOFING, PLAINTIFF-RESPONDENT,

              V                         MEMORANDUM AND ORDER

DAVID R. MILES, DEFENDANT-APPELLANT.

---

PHETERSON SPATORICO LLP, ROCHESTER (DERRICK A. SPATORICO OF COUNSEL),
FOR DEFENDANT-APPELLANT.

THOMAS C. SANFILIPO, ROCHESTER, FOR PLAINTIFF-RESPONDENT.

---

Appeal from an order of the Supreme Court, Monroe County (Ann Marie Taddeo, J.), entered December 19, 2014. The order granted the motion of plaintiff for leave to renew his motion for summary judgment dismissing defendant's counterclaims and, upon renewal, granted the motion for summary judgment and dismissed the counterclaims.

It is hereby ORDERED that the order so appealed from is unanimously reversed on the law without costs, the motion is denied and the counterclaims are reinstated.

Memorandum: Defendant appeals from an order that granted plaintiff's motion for leave to renew his prior motion for summary judgment dismissing defendant's counterclaims and, upon renewal, dismissed the counterclaims. Plaintiff commenced this action asserting a single cause of action for breach of contract, alleging that defendant failed to pay plaintiff for the materials and the work he performed to replace the roof on defendant's residence. In his amended answer, defendant asserted counterclaims for damages based on, inter alia, plaintiff's failure to replace the roof in a workmanlike manner. Plaintiff initially sought summary judgment on his complaint and summary judgment dismissing the counterclaims but, in a letter from his attorney to Supreme Court, he clarified that the motion contained a "typographical error" and that he sought summary judgment only on the counterclaims. The court nevertheless stated in its decision on the original motion that plaintiff "moved for summary judgment, seeking payment for the original roof work." Plaintiff thereafter moved for leave to renew his motion on the grounds that the court had misconstrued his original motion, and that he had obtained new evidence in support of his original motion, i.e., a release that defendant had executed releasing plaintiff "from any and all claims past and future" in consideration of the money paid to defendant by plaintiff's insurance carrier. Defendant opposed the motion for leave

to renew on the ground that plaintiff had the release in his possession several months before he moved for summary judgment dismissing the counterclaims.

We agree with defendant that the court erred in granting plaintiff's motion for leave to renew.  Although a court has discretion to grant a motion for leave to renew " 'in the interest of justice, upon facts which were known to the movant at the time the original motion was made' . . . , it may not exercise that discretion unless the movant establishes a 'reasonable justification for the failure to present such facts on the prior motion' " (*Robinson v Consolidated Rail Corp.*, 8 AD3d 1080, 1080).  Here, plaintiff failed to provide a reasonable justification for his failure to present the release in support of his original motion for summary judgment dismissing the counterclaims (*see GMAC Mtge., LLC v Spindelman*, 136 AD3d 1366, 1367).

Entered:  June 10, 2016                          Frances E. Cafarell
                                                 Clerk of the Court