■ DAVID MOYAL, Suing Individually and on Behalf of CIRCLE PRESS, INC., Plaintiff, v JOSEPH SULLO, Appellant, and ROBERT MALTA et al., Respondents, et al., Nominal Defendant. [33 NYS3d 711]—

Order, Supreme Court, New York County (Jeffrey K. Oing, J.), entered February 1, 2016, which granted the motion of defendants Robert Malta and GMD 444 LLC to disqualify Trachtenberg, Rodes & Friedberg LLP (Trachtenberg) from representing defendant Joseph Sullo, unanimously affirmed, with costs.

The motion court providently exercised its discretion by disqualifying Trachtenberg (*see generally Ferolito v Vultaggio*, 99 AD3d 19, 27 [1st Dept 2012]). The former joint representation of Malta and Sullo and the present litigation are substantially related and the interests of Malta and Sullo are materially adverse in this action (*see Tekni-Plex, Inc. v Meyner & Landis*, 89 NY2d 123, 130-131 [1996]; *Matter of Strasser*, 129 AD3d 457 [1st Dept 2015]; Rules of Professional Conduct [22 NYCRR 1200.0] rule 1.9). The conflicts waiver contained in the engagement letter was insufficient to show that Malta knowingly waived any objection to Trachtenberg's continued representation of Sullo in this matter (*cf. St. Barnabas Hosp. v New York City Health & Hosps. Corp.*, 7 AD3d 83, 90-92 [1st Dept 2004]).

We have considered Sullo's remaining arguments and find them unavailing. Concur—Friedman, J.P., Andrias, Saxe, Richter and Kahn, JJ.

■ P & S 95TH STREET ASSOCIATES, LLC, Respondent, v NILDE REALTY et al., Defendants, and PHILLIPOS RESTAURANT, INC., Doing Business as THE BARKING DOG, et al., Appellants. [33 NYS3d 712]—Order, Supreme Court, New York County (Peter H. Moulton, J.), entered August 11, 2015, which, to the extent appealable, denied appellants' motion to vacate the court's March 13, 2014 order, unanimously affirmed, with costs. Appeal from so much of the August 2015 order as purports to be from the denial of appellants' motion to renew, unanimously

dismissed, without costs, as taken from the denial of reargument.

The lower court properly denied appellants' motion to renew, as appellants' purported "new facts" are not new facts, but rather new legal arguments. Accordingly, appellants' motion is more accurately characterized as a motion to reargue, and no appeal lies from the court's denial of a motion to reargue (see Forbes v Giacomo, 130 AD3d 428 [1st Dept 2015], lv dismissed in part, denied in part 26 NY3d 1047 [2015]; Federal Ins. Co. v Manufacturers Hanover Trust Co., 157 AD2d 460, 460 [1st Dept 1990]).

With respect to appellants' motion to vacate pursuant to CPLR 5015 (a) (1), even if the motion were timely, appellants failed to demonstrate a reasonable excuse (Northern Source, LLC v Kousouros, 106 AD3d 571, 572 [1st Dept 2013]; Matter of Chelsea Antoinette A. [Anna S.], 88 AD3d 627 [1st Dept 2011]). Concur—Friedman, J.P., Andrias, Saxe, Richter and Kahn, JJ.