*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  June 30, 2016                    522159
_____

US BANK NATIONAL ASSOCIATION,
    as Trustee for CREDIT
    SUISSE FIRST BOSTON ARMT
    2004-4,
                        Appellant,        MEMORANDUM AND ORDER

        v

LEAH THURM,
                        Respondent,
                        et al.,
                        Defendant.

_____


Calendar Date:  June 2, 2016

Before:  McCarthy, J.P., Garry, Lynch, Devine and Aarons, JJ.

_____


        Woods Oviatt Gilman LLP, Rochester (Richard S. Mullen of
counsel), for appellant.

        Kalter Kaplan Zeiger & Forman, Woodbourne (Terry S. Forman
of counsel), for respondent.

_____


Garry, J.

        Appeal from an order of the Supreme Court (Meddaugh, J.),
entered July 27, 2015 in Sullivan County, which denied
plaintiff's motion to vacate the dismissal of its foreclosure
action.

        Plaintiff commenced this foreclosure action in 2008 and was
granted an order of reference in 2010.  On March 4, 2013, as the
case had not been placed on the trial calendar and no formal
applications had been made since 2010, a mandatory conference was

held.  At the conference, plaintiff was not ready to proceed and requested 30 days to submit a formal motion.  Supreme Court (Ceresia Jr., J.) granted the request, with the understanding that a failure to submit a motion within that time period would result in the action being dismissed.  Plaintiff failed to submit a motion within 30 days and, on April 16, 2013, the court dismissed the action as abandoned pursuant to 22 NYCRR 202.27.  Plaintiff's subsequent motion to vacate the dismissal was denied.  Plaintiff appeals, and we affirm.

Pursuant to 22 NYCRR 202.27, a court may dismiss an action when, at any conference, "all parties do not appear and proceed or announce their readiness to proceed immediately."  Here, plaintiff was not ready to proceed at the time of the conference, and, thereafter, despite being given another 30 days to proceed, plaintiff failed to submit a formal motion.  Accordingly, Supreme Court properly dismissed the action as abandoned pursuant to 22 NYCRR 202.27.

A motion to vacate a dismissal pursuant to 22 NYCRR 202.27 must be supported by a reasonable excuse for the failure to proceed and a meritorious cause of action (see CPLR 5015 [a] [1]; Cazeau v Paul, 2 AD3d 477, 478 [2003]).  In its motion to vacate, plaintiff relied on an affirmation from its current counsel that the failure to proceed with the foreclosure action was due to the fact that settlement negotiations with defendant were ongoing.  Plaintiff's current counsel, however, was not representing plaintiff at the time of the conference, nor does it appear from the record that it represented plaintiff at any time prior to the dismissal of the action.  Thus, plaintiff's counsel had no personal knowledge of the facts regarding the default and the affirmation was therefore insufficient to establish a reasonable excuse (see Northern Source, LLC v Kousouros, 106 AD3d 571, 572 [2013]; Brehm v Patton, 55 AD3d 1362, 1363 [2008]).  Further, the evidence presented in support of a reasonable excuse for the first time in plaintiff's reply was properly disregarded by Supreme Court (Meddaugh, J.) (see Duran v Milord, 126 AD3d 932, 933 [2015]; Jackson-Cutler v Long, 2 AD3d 590, 590 [2003]; see generally Jones v Castlerick, LLC, 128 AD3d 1153, 1154 [2015]).  In the absence of a reasonable excuse, it is unnecessary to determine whether plaintiff demonstrated a meritorious cause of

action (see Rutnik & Corr CPA's, P.C. v Guptill Farms, Inc., 127 AD3d 1531, 1532 [2015]).

McCarthy, J.P., Lynch, Devine and Aarons, JJ., concur.


ORDERED that the order is affirmed, without costs.




ENTER:

Robert D. Mayberger
Clerk of the Court