■ The Bank of New York Mellon, Trustee for CSMC Trust 2011-11, Respondent, v Xiaoling Shirley He, Also Known as Xiaoling S. He, Appellant, et al., Defendant. [59 NYS3d 148]—

McCarthy, J.P. Appeal from an order of the Supreme Court (Chauvin, J.), entered December 12, 2014 in Saratoga County, which, among other things, denied defendant Xiaoling Shirley He's motion to enforce a prior order.

In 2007, defendant Xiaoling Shirley He (hereinafter defendant), for the purpose of securing a loan in the principal sum of $148,400, executed and delivered a note and mortgage against her residence to Home Loan Center, Inc. Through a series of transfers, plaintiff became the bearer of the note and holder of the mortgage. In September 2011, defendant defaulted on the loan by failing to make the monthly payments. In February 2012, plaintiff commenced the instant foreclosure action. Thereafter, plaintiff moved for, among other things, summary judgment and to appoint a referee. In June 2013, Supreme Court (Ferradino, J.), among other things, granted plaintiff's

motion, struck defendant's answer and counterclaims and appointed a referee to "compute the amount due, except for [counsel] fees, to the plaintiff herein for principal, interest and other disbursements," providing defendant a credit for any partial payments tendered.

In July 2013, the referee issued a report in which he computed that defendant owed plaintiff $174,525.84 on the note and mortgage, plus per diem interest of $31.41 starting July 2013. Thereafter, plaintiff moved to confirm the report and for a judgment of foreclosure and sale. On August 16, 2013, plaintiff's agent, Green Tree Servicing, LLC, sent defendant a letter informing her that "[t]he amount needed to bring [her] account current [was] $39,524.64," and the parties agree that defendant paid that sum on September 11, 2013. On September 16, 2013, Green Tree Servicing sent defendant a letter stating that the payoff amount on her account was $151,356, and both parties agree that defendant paid that sum on September 26, 2013. In October 2013, Supreme Court issued a judgment of foreclosure and sale granting plaintiff a judgment in the amount of $174,525.84 in satisfaction of the note and mortgage, $1,797 for costs and $3,300 for counsel fees, plus interest on these sums. A satisfaction and discharge of mortgage were recorded with Saratoga County in November 2013.

In September 2014, defendant moved to, among other things, enforce the June 2013 order and sought a refund of sums she claimed were overpayments for principal, interest, counsel fees and costs. Plaintiff opposed defendant's motion and cross-moved to vacate the judgment of foreclosure and sale, cancel the notice of pendency and discontinue the foreclosure action. Defendant did not oppose plaintiff's cross motion. Supreme Court (Chauvin, J.) denied defendant's motion as an untimely and improper challenge to the sums determined by the judgment, then granted plaintiff's cross motion, vacated the judgment, canceled the notice of pendency and discontinued the action. Defendant appeals, and we affirm.

Contrary to defendant's contention, the fact that Supreme Court granted plaintiff's cross motion and vacated the judgment, canceled the notice of pendency and discontinued the action, based on the satisfaction and discharge of mortgage, is not a "moot" issue that she need not address. To the contrary, in the absence of a judgment, its underlying orders or any ongoing action, there are no orders or judgments to be enforced as requested by defendant's motion. As defendant fails to make any argument on this appeal as to a legal error in Supreme Court's determination to grant plaintiff's cross motion dismiss-

ing the action based on the satisfaction and discharge of the mortgage, her arguments as to the proper enforcement of orders or judgments that are now vacated cannot prevail (*see generally Galasso, Langione & Botter, LLP v Liotti,* 127 AD3d 688, 688 [2015]). In any event, neither the June 2013 order nor the October 2013 judgment provided defendant any relief, and therefore any enforcement of that order or judgment would not have included any payments from plaintiff to defendant.

Defendant's remaining contentions are equally without merit. If we construe defendant's motion as one to reargue, given that it was filed 16 months after the order and 11 months after the judgment, it was untimely (*see* CPLR 2221 [d] [3]). In any event, no appeal lies from the denial of a motion to reargue (*see Wells Fargo, N.A. v Levin,* 101 AD3d 1519, 1520 [2012], *lv dismissed* 21 NY3d 887 [2013]; *Matter of County of Broome,* 90 AD3d 1260, 1261 [2011]). If we construe defendant's motion as one to renew, it was properly denied on the ground that defendant failed to provide any reasonable justification for her failure to present the evidence proffered prior to the June 2013 order or the judgment of foreclosure and sale (*see* CPLR 2221 [e] [1], [3]; *State of New York v Williams,* 73 AD3d 1401, 1403 [2010], *lv denied* 15 NY3d 709 [2010]). Defendant's remaining contentions are also academic and/or without merit.

Egan Jr., Rose, Devine and Mulvey, JJ., concur. Ordered that the order is affirmed, without costs.