Mulvey, J.
 

 Appeals (1) from a judgment of the Supreme Court (Nichols, J.), entered August 5, 2016 in Columbia County, which, among other things, granted plaintiff’s motion for a judgment of foreclosure and sale, and (2) from an order of said court, entered January 25, 2017 in Columbia County, which denied defendant’s motion to reargue and/or renew.
 

 Plaintiff commenced this foreclosure action against defendant in July 2012. Defendant was served with the summons and complaint on August 1, 2012 and failed to either serve an answer or file a motion to dismiss the complaint. In November 2015, plaintiff moved for an order of reference based upon defendant’s default. Defendant acknowledged receipt of that motion and filed an “affidavit in opposition” in which she declared, among other things, that she was “never properly served” and that plaintiff lacked standing. Supreme Court granted plaintiff’s motion, finding that defendant had not answered, moved or appeared with respect to the complaint. In May 2016, plaintiff moved for final judgment of foreclosure and sale. Defendant filed an affidavit in opposition and plaintiff replied. The court granted plaintiff’s motion, in an order entered in August 2016, and ordered, among other things, that the property be sold at a public auction. In October 2016, defendant moved for leave to renew and reargue, asserting again that she was not properly served with the summons and complaint and that plaintiff lacked standing. Supreme Court denied defendant’s motion. Defendant now appeals from the court’s judgment of foreclosure and sale and its denial of her motion to renew and reargue.
 

 We affirm. Defendant’s contentions that plaintiff lacks standing and that it was not correctly served with the summons and complaint are not properly before this Court because she failed to move under CPLR 5015 (a) for vacatur of her default in the action or to vacate the order of reference (see HSBC Bank USA, N.A. v Ashley, 104 AD3d 975, 976 [2013], lv dismissed 21 NY3d 956 [2013]). Further, defendant waived any challenge to plaintiff’s standing by failing to raise it in either a pre-answer motion to dismiss or an answer, neither of which she served (see CPLR 3211 [e]; HSBC Bank USA, N.A. v Szoffer, 149 AD3d 1400, 1401 [2017]).
 

 Turning to defendant’s motion to reargue and renew, we first note that no appeal lies from the denial of a motion to reargue (see Bank of N.Y. Mellon v He, 151 AD3d 1403, 1405 [2017]; Wells Fargo, N.A. v Levin, 101 AD3d 1519, 1520 [2012], lv dismissed 21 NY3d 887 [2013]). With regard to that part of defendant’s motion seeking renewal, she sought to present documentary proof of her residence as of August 1, 2012 in support of her contention that plaintiff’s proof of service was deficient. However, she failed to establish that this constituted new information or that there was any justification for failing to bring these facts to Supreme Court’s attention in the first instance (see CPLR 2221 [e] [3]; Bank of N.Y. Mellon v He, 151 AD3d at 1405; Wells Fargo, N.A. v Levin, 101 AD3d at 1520-1521). Notwithstanding defendant’s arguments regarding her earlier unrepresented status, this does not alter the foregoing conclusions, as “a pro se litigant acquires no greater rights than any other litigant” (Johnson v Title N., Inc., 31 AD3d 1071, 1072 [2006] [internal quotation marks, brackets, italics and citation omitted]). Given that failure, it was not an abuse of discretion to decline defendant’s request to grant the motion to renew in the interest of justice (see Barbieri v Miles, 140 AD3d 1692, 1693 [2016]).
 

 McCarthy, J.P., Rose, Devine and Rumsey, JJ., concur.
 

 Ordered that the judgment and order are affirmed, with costs.