Matter of Ballard v Yelich (2018 NY Slip Op 06161)





Matter of Ballard v Yelich


2018 NY Slip Op 06161


Decided on September 20, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: September 20, 2018

525974

[*1]In Matter of DARNELL BALLARD, Appellant,
v
BRUCE S. YELICH, as Superintendent of Bare Hill Correctional Facility, Respondent.

Calendar Date: August 6, 2018

Before: McCarthy, J.P., Egan Jr., Lynch, Clark and Mulvey, JJ.


Darnell Ballard, Ogdensburg, appellant pro se.
Barbara D. Underwood, Attorney General, Albany (Martin A. Hotvet of counsel), for respondent.



MEMORANDUM AND ORDER
Appeal from a judgment of the Supreme Court (Feldstein, J.), entered March 23, 2017 in Franklin County, which, in a proceeding pursuant to CPLR article 78, among other things, denied petitioner's motion to reargue and/or renew.
Petitioner commenced this CPLR article 78 proceeding challenging a determination finding him guilty of violating certain prison disciplinary rules. Respondent moved to dismiss the petition for failure to exhaust administrative remedies, and Supreme Court granted the motion. Petitioner, in turn, submitted a pro se motion for reargument that he did not file with the Franklin County Clerk. Supreme Court returned the motion to petitioner for proper filing.
Petitioner then filed a pro se motion denominated a "Motion for Leave to Renew Prior Motion to Vacate Judgment" seeking to renew his prior motion for reargument and to vacate the judgment dismissing the petition. Respondent opposed the motion. In response, petitioner filed a pro se motion denominated a "Motion to Oppose Default CPLR 2001" seeking, among other things, an order denying respondent a default judgment. Supreme Court denied all of petitioner's motions and petitioner now appeals.
Initially, insofar as petitioner seeks review of the denial of his request for reargument, no appeal lies from such denial (see People ex rel. McCray v LaClair, 161 AD3d 1490, 1491 [2018]; Bank of N.Y. Mellon v He, 151 AD3d 1403, 1405 [2017]). Moreover, petitioner's request for renewal was properly denied as he did not put forth any newly discovered evidence that would warrant granting such request (see Scott v Thayer, 160 AD3d 1175, 1177 [2018]; Creech v Rufa, 101 AD3d 1224, 1226-1227 [2012]). Furthermore, inasmuch as no motion for a default judgment was pending, petitioner's motion to oppose the entry of a default judgment was premature. Although petitioner's brief addresses the merits of the underlying disciplinary determination, they are not properly before us. In sum, we find no reason to disturb the judgment denying petitioner's motions.
McCarthy, J.P., Egan Jr., Lynch, Clark and Mulvey, JJ., concur.
ORDERED that the judgment is affirmed, without costs.