Financial Freedom Acquisition, LLC v Unknown Heirs to the estate of Emmie Kenner (2019 NY Slip Op 03954)





Financial Freedom Acquisition, LLC v Unknown Heirs to the estate of Emmie Kenner


2019 NY Slip Op 03954


Decided on May 22, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 22, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
SHERI S. ROMAN
BETSY BARROS
LINDA CHRISTOPHER, JJ.


2017-12977
 (Index No. 3705/10)

[*1]Financial Freedom Acquisition, LLC, appellant,
v
Unknown Heirs to the estate of Emmie Kenner, deceased, et al., defendants.


Bryan Cave Leighton Paisner LLP, New York, NY (Nafiz Cekirge and Elizabeth J. Goldberg of counsel), for appellant.



DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Queens County (Frederick D. R. Sampson, J.), entered August 15, 2017. The order denied those branches of the plaintiff's unopposed motion which were to vacate an order of the same court (Martin J. Schulman, J.) dated March 16, 2016, directing dismissal of the action due to the plaintiff's failure to comply with a prior order of the same court (Martin J. Schulman, J.) dated February 3, 2016, and to restore the action to the active calendar.
ORDERED that the order entered August 15, 2017, is affirmed, without costs or disbursements.
The plaintiff commenced this action in 2010 to foreclose a reverse mortgage on certain real property in Rosedale, subsequent to the mortgagor's death in 2002. Pursuant to a status conference order dated February 3, 2016, the plaintiff was directed to, inter alia, file an application for an order of reference or the next applicable application by the date of the final status conference, scheduled for March 16, 2016. The order further stated that the failure to comply with the order may result in the dismissal of the action without prejudice (hereinafter the conditional order). The record is devoid of any indication that the plaintiff had taken action in the litigation for approximately three years prior to the issuance of the conditional order. In an order dated March 16, 2016 (hereinafter the dismissal order), the Supreme Court directed dismissal of the action without prejudice, in effect, pursuant to 22 NYCRR 202.27, based on the plaintiff's failure to comply with the conditional order.
Subsequently, the plaintiff moved, inter alia, to vacate the dismissal order, arguing that the court lacked jurisdiction to render the dismissal order and to restore the action to the active calendar. In an order entered August 15, 2017, the Supreme Court denied those branches of the unopposed motion, determining, among other things, that the plaintiff did not offer a reasonable excuse for noncompliance with the conditional order, or for the delay in the prosecution of the action. The court also noted that the dismissal order was issued pursuant to CPLR 3126(3), based upon the plaintiff's failure to comply with the directive in the conditional order. The plaintiff appeals.
Initially, the plaintiff argues that CPLR 3126(3), which provides for, inter alia, dismissal of actions when there is a failure or refusal to comply with disclosure orders or a willful failure to disclose, was not a proper basis for dismissal of this action. However, that was not the basis for dismissal that was set forth in the dismissal order. While the order appealed from recited that the dismissal was based on CPLR 3126(3), the dismissal order recited that the dismissal was [*2]based on the plaintiff's failure to comply with the terms of the conditional order. Moreover, the order appealed from also stated that the plaintiff failed to offer a reasonable excuse for its noncompliance with the conditional order.
Contrary to the plaintiff's contention, the Supreme Court had the authority to dismiss this action pursuant to 22 NYCRR 202.27. "Pursuant to 22 NYCRR 202.27, a court may dismiss an action when, at any conference, all parties do not appear and proceed or announce their readiness to proceed immediately'" (US Bank N.A. v Thurm, 140 AD3d 1578, 1578). Here, the court properly directed dismissal of the action. The plaintiff failed to proceed, and was not ready to proceed, at the final status conference held on March 16, 2016, as the plaintiff had failed to comply with the conditional order directing that the plaintiff file an application for an order of reference or the next applicable application by March 16, 2016 (see BAC Home Loans Servicing, LP v Funk, 154 AD3d 1244, 1245; Chase Home Fin., LLC v Desormeau, 152 AD3d 1033, 1034; US Bank N.A. v Thurm, 140 AD3d at 1579; see also Geffner v Mercy Med. Ctr., 167 AD3d 571, 573).
In order to vacate a dismissal pursuant to 22 NYCRR 202.27, the movant must demonstrate a reasonable excuse for the failure to proceed and a potentially meritorious cause of action (see Geffner v Mercy Med. Ctr., 167 AD3d at 574; US Bank N.A. v Thurm, 140 AD3d at 1579). Here, the plaintiff failed to demonstrate a reasonable excuse for its failure to proceed with the action. As the plaintiff failed to offer a reasonable excuse, we need not address the issue of whether it had a potentially meritorious cause of action (see Geffner v Mercy Med. Ctr., 167 AD3d at 574; US Bank N.A. v Thurm, 140 AD3d at 1579).
Accordingly, we agree with the Supreme Court's denial of those branches of the plaintiff's unopposed motion which were to vacate the dismissal order and to restore the action to the active calendar.
CHAMBERS, J.P., ROMAN, BARROS and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court