Williams v Annucci (2019 NY Slip Op 06654)





Williams v Annucci


2019 NY Slip Op 06654


Decided on September 19, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: September 19, 2019

525926

[*1]Kenyatte Williams, Appellant,
v
Anthony J. Annucci, as Acting Commissioner of Corrections and Community Supervision, et al., Respondents.

Calendar Date: August 30, 2019

Before: Clark, J.P., Mulvey, Devine, Aarons and Rumsey, JJ.


Kenyatte Williams, Fallsburg, appellant pro se.
Letitia James, Attorney General, Albany (Patrick A. Woods of counsel), for respondents.



Appeal from an amended order of the Supreme Court (Zwack, J.), entered November 21, 2017 in Albany County, which, among other things, denied plaintiff's motion to renew and/or reargue.
Plaintiff, an inmate, sought to commence an action under 42 USC § 1983 based upon the alleged failure of prison officials to accord him a reasonable accommodation for his hearing impairment, as well as the denial of his due process rights in a prison disciplinary proceeding. The summons with notice and complaint were filed ex parte, without proof of service, and plaintiff was advised that he would need to provide additional information in order for his filing to be treated as an application for alternative service under CPLR 308 (5). Thereafter, an order was entered permitting plaintiff to serve defendants with a copy of the order, summons and complaint by regular mail on or before August 11, 2014 and requiring him to file proof of service on or before September 10, 2014.[FN1] Defendants filed an answer asserting, among other things, lack of personal jurisdiction.
In April 2015, plaintiff moved to compel compliance with his discovery demands or, alternatively, to strike defendants' answer. In May 2015, Supreme Court denied the motion. In addition, the court noted that the action was akin to a CPLR article 78 proceeding, treated it as such, and dismissed the petition based on the fact that none of the underlying pleadings had been annexed to the motion or filed with the Albany County Clerk. In response, plaintiff sent the court an ex parte letter contesting the treatment of the action as a CPLR article 78 proceeding and the dismissal of same. Plaintiff was advised that he could move for leave to renew his motion upon providing proof that he had filed copies of the pleadings with the Albany County Clerk.
In October 2015, plaintiff moved to renew and/or reargue his motion in light of the court's May 2015 order. Defendants opposed the motion asserting, among other things, that plaintiff's failure to include certain exhibits to the motion rendered it impossible to determine if proof of service of the pleadings had been filed in accordance with the court's prior order. Plaintiff subsequently filed a proposed order to show cause seeking to vacate the May 2015 order based upon alleged fraud and misrepresentation. In November 2017, Supreme Court denied plaintiff's motion to renew and/or reargue, and declined to sign the order to show cause. Plaintiff appeals.
Initially, regarding that part of plaintiff's motion as sought reargument, no appeal lies from the denial of such a motion (see Budin v Davis, 172 AD3d 1676, 1679 [2019]; Bank of N.Y. Mellon Trust Co., N.A. v Balash, 156 AD3d 1203, 1204 [2017]). Moreover, as noted by Supreme Court, said motion is untimely as it was brought in October 2015, more than 30 days after June 26, 2015, the date when notice of entry of the court's May 2015 order was filed (see CPLR 2221 [d] [3]). In addition, Supreme Court did not abuse its discretion in denying that part of plaintiff's motion as sought renewal, as plaintiff "did not point to any new facts or change in the law that would require a different determination" as is necessary to satisfy the standard for renewal (Matter of St. Lawrence County Support Collection Unit v Bowman, 152 AD3d 899, 900 [2017] [internal quotation marks, brackets and citations omitted], appeal dismissed 30 NY3d 1032 [2017]; see Bank of N.Y. Mellon Trust Co., N.A. v Balash, 156 AD3d at 1205; see also CPLR 2221 [e] [2]). Significantly, plaintiff did not include as part of his renewal motion all of the exhibits that were referenced therein, some of which were relevant to his compliance with the order authorizing alternative service of the pleadings upon defendants and proof of service of the same. Lastly, we find no error in Supreme Court's failure to sign the order to show cause.
Clark, J.P., Mulvey, Devine, Aarons and Rumsey, JJ., concur.
ORDERED that the amended order is affirmed, without costs.



Footnotes

Footnote 1: Although plaintiff submitted affidavits of service of mailing attesting to compliance with the service requirements, they are not included in the Albany County Clerk's file, of which we take judicial notice (see generally Caffrey v North Arrow Abstract & Settlement Servs., Inc., 160 AD3d 121, 126-128 [2018]).