Ditech Fin. LLC v Levine (2019 NY Slip Op 07820)





Ditech Fin. LLC v Levine


2019 NY Slip Op 07820


Decided on October 31, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 31, 2019

527467

[*1]Ditech Financial LLC, Respondent,
v
Sharon Levine et al., Appellants, et al., Defendants.

Calendar Date: September 9, 2019

Before: Lynch, J.P., Clark, Devine and Pritzker, JJ.


Mann Law Firm, PC, Latham (Matthew J. Mann of counsel), for appellants.
RAS Boriskin, LLC, Westbury (Leah Lenz of counsel), for respondent.



Devine, J.
Appeals (1) from an order of the Supreme Court (Crowell, J.), entered February 5, 2018 in Saratoga County, which, among other things, granted plaintiff's motion for summary judgment, and (2) from an order of said court, entered June 12, 2018 in Saratoga County, which denied a motion by defendants Sharon Levine and Russell Levine to reargue.
In 2001, defendants Sharon Levine and Russell Levine (hereinafter collectively referred to as defendants) executed a promissory note in favor of GreenPoint Mortgage Funding, Inc. that was secured by a mortgage on real property in the Town of Clifton Park, Saratoga County. The mortgage was recorded and assigned to GMAC Mortgage LLC in 2011 — although the assignment was not recorded — while the note was assigned to GMAC Mortgage Corporation (hereinafter GMAC) and then indorsed in blank by it. In 2003, Sharon Levine executed a promissory note in favor of GMAC that was secured by a mortgage on the same property. On the same day, the 2001 and 2003 loans were consolidated under the terms of a consolidated note signed by Sharon Levine and a consolidation, extension and modification agreement (hereinafter CEMA) that was executed by defendants. The original of the 2003 mortgage was lost, preventing the recordation of both it and the CEMA. Defendants nevertheless made payments on the consolidated note for several years and, at some point, GMAC indorsed the 2003 note and consolidated note in blank.
Plaintiff commenced this action seeking, in relevant part, a declaration that the 2003 mortgage was valid and an order directing the Saratoga County Clerk to accept copies of the 2003 mortgage, CEMA and 2011 assignment of the 2001 mortgage for recordation. Defendants answered and asserted various affirmative defenses, including that plaintiff lacked standing to commence the action. Plaintiff then moved for relief that included summary judgment striking defendants' answer, which Supreme Court granted by an order entered in February 2018. Defendants appeal from that order, as well as an order entered in June 2018 that denied their motion to reargue.[FN1]
Inasmuch as "no appeal lies from the denial of a motion to reargue," defendants' appeal from the June 2018 order must be dismissed (Bank of N.Y. Mellon Trust Co., N.A. v Balash, 156 AD3d 1203, 1204 [2017]; see CPLR 5701 [a] [2] [viii]; Hyman v Pierce, 145 AD3d 1224, 1225 [2016]). As for their appeal from the February 2018 order, we affirm.
Any person who "claims an estate or interest in real property," including a mortgagee or his or her successor in interest, may maintain an action to determine the validity of an adverse claim (RPAPL 1501 [1]; see RPAPL 1501 [5]; Wellington v Financial Freedom Acquisition LLC, 132 AD3d 506, 506-507 [2015]). In support of its motion for summary judgment, plaintiff properly relied upon the affidavit of its document execution representative, who averred that she had acquired personal knowledge of the facts from her review of plaintiff's business records (see Green Tree Servicing LLC v Bormann, 157 AD3d 1109, 1111 n 2 [2018]). The relevant documents were referenced in her affidavit and formed part of the motion papers, including the consolidated note and the CEMA. In the CEMA, defendants and GMAC agreed to "combin[e] into one set of rights and obligations all of the promises and agreements stated in the" prior notes and mortgages, with the consolidated note superseding the terms of the 2001 and 2003 notes and the CEMA creating a single lien on defendants' property. The employee averred that the consolidation note, which is a bearer instrument due to its having been indorsed in blank, entered plaintiff's possession in 2003 and remained there at the time this action was commenced. This was sufficient to meet plaintiff's initial burden of showing that it was the holder of the consolidated note at the time this action was commenced, which, in turn, afforded it an interest in the CEMA and in ensuring that the lien on defendants' property was accurately reflected in public records (see Aurora Loan Servs., LLC v Taylor, 25 NY3d 355, 359-362 [2015]; Wells Fargo Bank N.A. v Ho-Shing, 168 AD3d 126, 131 [2019]; compare Bank of N.Y. v Silverberg, 86 AD3d 274, 283 [2011]).
Defendants speculated, in response, that plaintiff might not have a valid interest in their property or standing to foreclose upon that interest because both defendants and GMAC had filed for bankruptcy in the wake of the transactions at issue. Defendants provided nothing to create a material question of fact on those points, however, nor did they undercut plaintiff's claim of an "estate or interest in the subject property" that afforded it standing to commence this RPAPL article 15 action (JP Morgan Chase Bank, N.A. v Bank of Am., 164 AD3d 565, 568 [2018] [internal quotation marks and citations omitted]). Thus, Supreme Court properly granted plaintiff's motion for summary judgment.
Defendants' remaining contentions have been examined and found to be lacking in merit.
Lynch, J.P., Clark and Pritzker, JJ., concur.
ORDERED that the order entered February 5, 2018 is affirmed, with costs.
ORDERED that the appeal from the order entered June 12, 2018 is dismissed, with costs.



Footnotes

Footnote 1: Contrary to plaintiff's contention, the February 2018 order granting its motion for summary judgment was final, and "the right of direct appeal from [that order] did not terminate upon entry of" a judgment that formally awarded the relief requested by plaintiff (BAC Home Loans Servicing, LP v Uvino, 155 AD3d 1155, 1156 n 2 [2017]).