Deutsche Bank Natl. Trust Co. v Ford (2020 NY Slip Op 02962)





Deutsche Bank Natl. Trust Co. v Ford


2020 NY Slip Op 02962


Decided on May 21, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: May 21, 2020

529564

[*1]Deutsche Bank National Trust Company, as Trustee, Respondent,
v
William F. Ford et al., Appellants.

Calendar Date: March 25, 2020

Before: Lynch, J.P., Mulvey, Devine, Aarons and Colangelo, JJ.


Smith Hoke, PLLC, Latham (Meredith A. Moriarty of counsel), for appellants.
Parker Ibrahim & Berg LLP, New York City (Mitchell S. Kurtz of counsel), for respondent.



Devine, J.
Appeal from a judgment of the Supreme Court (Buchanan, J.), entered January 31, 2019 in Schenectady County, which, among other things, granted plaintiff's motion for a judgment of foreclosure and sale.
Plaintiff commenced this mortgage foreclosure action in October 2007 and served defendants, who did not appear within the time allowed. Plaintiff successfully moved for an order granting a default judgment and appointing a referee to compute, then obtained a judgment of foreclosure and sale, in 2008. Upon plaintiff's motion, the order and the judgment were vacated in 2013. Plaintiff obtained a second order of reference in 2015 that was later vacated upon consent.
In 2016, plaintiff again moved for an order of reference upon defendants' default. Defendants opposed the motion, arguing that the action should be dismissed as abandoned pursuant to CPLR 3215 (c) or, in the alternative, that the order of reference should be accompanied by a directive for a settlement conference. Supreme Court (Reilly Jr., J.) appointed a referee but stayed the appointment until a scheduled conference occurred. Plaintiff subsequently moved for a judgment of foreclosure and sale. Defendants opposed that motion and, in 2018, cross-moved for relief that included dismissal of the complaint. Supreme Court (Buchanan, J.) granted plaintiff's motion and denied defendants' cross motion in an order, then executed a judgment of foreclosure and sale. Defendants appeal.[FN1]
We affirm. Defendants defaulted in this action and, contrary to their contention, plaintiff manifested an intent to pursue it and "initiated proceedings for the entry of the default judgment within one year of [that] default" by obtaining an order of reference and a judgment of foreclosure and sale, albeit later vacated, in 2008 (CitiMortgage, Inc. v Lottridge, 143 AD3d 1093, 1094 [2016]; see CPLR 3215 [c]; HSBC Bank USA, N.A. v Alexander, 124 AD3d 838, 839 [2015]). Plaintiff thereafter continued to pursue the matter, but defendants made no effort to vacate the 2016 order of reference or otherwise reopen their default. Although defendants belatedly suggested that there may be grounds for vacatur under CPLR 5015 after plaintiff pointed out, in response to their 2018 cross motion, that they were in default, an argument raised for the first time in reply papers is not properly before us (see Oglesby v Barragan, 135 AD3d 1215, 1216 [2016]; 10 Cardinal Lane, LLC v N.K.T. Land Acquisitions, Inc., 117 AD3d 1133, 1136 n 2 [2014]).[FN2] Accordingly, having failed "to move under CPLR 5015 (a) for vacatur of [their] default in the action or to vacate the [2016] order of reference" founded upon that default (Bank of N.Y. Mellon Trust Co., N.A. v Balash, 156 AD3d 1203, 1204 [2017]; compare U.S. Bank N.A. v Gilchrist, 172 AD3d 1425, 1428 [2019]), defendants "are deemed to have admitted all factual allegations contained in the complaint and all reasonable inferences that flow from them" (Woodson v Mendon Leasing Corp., 100 NY2d 62, 71 [2003]; see McClelland v Climax Hosiery Mills, 252 NY 347, 351 [1930]). Defendants' attacks upon the merits of the facially viable claims in the complaint are therefore barred, as are their attempts to raise various nonjurisdictional defenses to the issuance of the appealed-from judgment (see US Bank N.A. v Oliver, 180 AD3d 843, 844 [2020]; U.S. Bank N.A. v Gilchrist, 172 AD3d at 1428; Bank of N.Y. Mellon Trust Co., N.A. v Balash, 156 AD3d at 1204; Nationwide Mtge., LLC v Kamil, 155 AD3d 968, 968-969 [2017]; PHH Mtge. Corp. v Celestin, 130 AD3d 703, 704 [2015]).
Finally, inasmuch as the standing of plaintiff to bring suit "is an issue separate from the subject matter of the action . . ., and does not affect the court's power to entertain the case before it" (Wells Fargo Bank Minn., N.A. v Mastropaolo, 42 AD3d 239, 243 [2007]; see HSBC Bank USA, N.A. v Ashley, 104 AD3d 975, 976 [2013], lv dismissed 21 NY3d 956 [2013]), it is one of the defenses precluded by defendants' continuing default (see Bank of N.Y. Mellon Trust Co., N.A. v Balash, 156 AD3d at 1204; Nationwide Mtge., LLC v Kamil, 155 AD3d at 968-969). It is accordingly unnecessary to consider the separate question of whether RPAPL 1302-a — which exempts defendants in certain foreclosure actions from the general rule that the affirmative defense of standing is waived if not raised in an answer or timely pre-answer motion to dismiss (see CPLR 3211 [e]) — applies to this and other foreclosure actions commenced prior to the statute's enactment.
Mulvey, Aarons and Colangelo, JJ., concur.
Lynch, J.P. (dissenting).
I respectfully dissent. The record shows that plaintiff obtained an order of reference in March 2008 and a judgment of foreclosure and sale in June 2008 from Supreme Court (Reilly Jr., J.). In May 2013, however, plaintiff moved to vacate both the order and judgment because plaintiff could not "ensure that the submitted documents in support of the foreclosure" comply with Administrative Order AO/548/10 issued by the Chief Administrative Judge.[FN3] Notably, the application was supported by a May 2013 affirmation of plaintiff's counsel, Stephen Valente (hereinafter the 2013 affirmation). In a previously filed affirmation in December 2012 (hereinafter the 2012 affirmation), Valente affirmed compliance with Administrative Order AO/548/10 based on the affidavit of Robert Krenitsky, an officer of plaintiff's servicing agent. In the 2013 affirmation, Valente changed the course and represented that he was "unable to verily affirm that the documents previously submitted to the [c]ourt on behalf of . . . [p]laintiff by prior servicer to the loan are wholly true and accurate." Based on the 2013 affirmation, Supreme Court (Reilly Jr., J.) granted plaintiff's motion to vacate both the order and judgment in 2013.
In March 2015, plaintiff moved for a second order of reference, which was granted in April 2015, but vacated on consent in October 2015. In April 2016, plaintiff moved for a third order of reference, which Supreme Court granted in June 2016. Thereafter, by motion returnable on December 15, 2017, plaintiff moved for a judgment of foreclosure and sale. The record shows that, on each of these last three applications, plaintiff submitted the 2012 affirmation to establish compliance with Administrative Order AO/548/10, as superseded by Administrative Order AO/431/11. In their June 2018 affidavit in opposition, defendants asserted that plaintiff's motion was based on the 2012 affirmation, which was discounted, and that plaintiff had otherwise failed to establish compliance with the administrative orders. In August 2018, defendants filed a "[c]ross-motion against a [j]udgment of [f]oreclosure and [s]ale in favor of . . . defendants," again pointing out the discrepancy in plaintiff's reliance on the 2012 affirmation. In January 2019, Supreme Court (Buchanan, J.) granted plaintiff's motion for a judgment of foreclosure and sale without addressing the discrepancy regarding plaintiff relying on the 2012 affirmation. In my view, this was a foundational error that compels a reversal of the court's judgment.
Pursuant to CPLR 5015 (a) (3), a court may vacate a judgment or order obtained through a misrepresentation. Although defendants, who were then proceeding pro se, did not expressly cite to this provision in opposing plaintiff's application, they did highlight the misuse of the 2012 affirmation. As such, their opposition should be as invoking such relief. This record confirms that both the June 2016 order of reference and the January 2019 judgment were procured based upon plaintiff's presentation of the 2012 affirmation. At best, this is a mistaken misrepresentation on plaintiff's part, but a misrepresentation nonetheless, which this Court should not countenance. Fundamentally, plaintiff's submissions fail to establish compliance with Administrative Order AO/548/10, as superseded by Administrative Order AO/431/11. Absent compliance, plaintiff is not entitled to affirmative relief because plaintiff's counsel has yet to affirm the validity of the documentation submitted in support of the June 2016 order of reference or the January 2019 judgment. As such, it is my view that the January 2019 judgment should be reversed. Additionally, under the circumstances presented, defendants' cross motion should be treated as including a request to vacate the June 2016 order of reference, and such request should be granted.
ORDERED that the judgment is affirmed, with costs.



Footnotes

Footnote 1: Defendants' notice of appeal improperly references the order rather than the foreclosure judgment, but we deem the appeal to have been taken from the latter (see CPLR 5520 [c]; Wells Fargo Bank, N.A. v Kohli, 173 AD3d 941, 941 [2019]; Pidwell v Duvall, 28 AD3d 829, 831 n 3 [2006]).

Footnote 2: Defendants request that we deem their 2018 cross motion to be a timely pre-answer motion to dismiss the complaint and treat their opposition to plaintiff's motion for a judgment of foreclosure and sale as an application for relief that they did move for or clearly seek. Those requests were not raised before Supreme Court and, as a result, they are not properly before us (see Sugar Foods De Mexico v Scientific Scents, LLC, 88 AD3d 1194, 1196-1197 [2011]; Yellin v Rogers, 261 AD2d 399, 399 [1999]).

Footnote 3: "[T]he Chief Administrative Judge issued Administrative Order AO/548/10 in October 2010, which was superseded by Administrative Order AO/431/11 (retroactively effective Nov. 18, 2010). Administrative Order AO/431/11 requires a plaintiff's attorney in a residential mortgage foreclosure action to file an affirmation indicating that he or she communicated with a representative of the plaintiff, and that the representative informed the attorney that he/she/they (a) personally reviewed [the] plaintiff's documents and records relating to this case for factual accuracy; and (b) confirmed the factual accuracy of the allegations set forth in the complaint and any supporting affidavits or affirmations filed with the court, as well as the accuracy of the notarizations contained in the supporting documents filed therewith" (Flagstar Bank, FSB v Pretto, 167 AD3d 1314, 1315 [2018] [internal quotation marks, brackets and citations omitted]).