Metlife Home Loans v Willcox (2024 NY Slip Op 02112)

Metlife Home Loans v Willcox

2024 NY Slip Op 02112

Decided on April 18, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:April 18, 2024

536121
[*1]Metlife Home Loans, a Division of MetLife Bank, N.A., as Trustee, Appellant,
v
Kevin Willcox et al., Respondents, et al., Defendant.

Calendar Date:February 22, 2024

Before:Aarons, J.P., Pritzker, Reynolds Fitzgerald, Fisher and McShan, JJ.

Gross Polowy, LLC, Westbury (Douglas C. Weinert of counsel), for appellant.
James N. Salvage, Jr., PC, Auburn (James N. Salvage Jr. of counsel), for respondents.

Fisher, J.
Appeal from an order of the Supreme Court (Julie A. Campbell, J.), entered July 15, 2022 in Cortland County, which, among other things, denied plaintiff's motion to vacate a prior order.
In April 2009, defendants Kevin Willcox and Joanne Willcox (hereinafter collectively referred to as defendants) executed a note to borrow a certain sum from plaintiff that was secured by a mortgage executed in favor of Mortgage Electronic Registration Systems, Inc. (hereinafter MERS), as nominee for plaintiff, on certain real property located in Cortland County. Following an alleged default on the obligation to pay under the loan, MERS assigned the mortgage to plaintiff who, in September 2010, commenced a foreclosure action against defendants based upon the default. Defendants did not join issue. In May 2018, plaintiff filed a request for judicial intervention, and Supreme Court held a mandatory foreclosure settlement conference a month later. Counsel for defendants and plaintiff appeared at the conference, during which a foreclosure settlement conference intake form was completed by the parties and Supreme Court.[FN1] The completed form indicated that the matter was released from the CPLR 3408 foreclosure part, the case had not settled and that plaintiff was allowed to proceed with the action, and further that, "[u]nless otherwise directed by the [c]ourt, failure to proceed will result in dismissal of the action." Notably, the conference form did not set forth a new calendar date and did not establish a deadline for plaintiff to file the applicable motion.
Thereafter, following no action by plaintiff and without any notice to any party, in October 2019, Supreme Court issued a dismissal order for failure to prosecute, pursuant to CPLR 3216. In May 2021, after a third consent to change attorney, plaintiff moved to vacate the order of dismissal pursuant to CPLR 5015. Defendants opposed such motion and cross-moved, contending, among other things, that the action should be dismissed pursuant to CPLR 3215 (c) for a failure to take a default within one year, which was opposed by plaintiff. Supreme Court denied plaintiff's request to vacate the dismissal order, and granted defendant's cross-motion by dismissing the action pursuant to CPLR 3404 and 3215 (c). Plaintiff appeals.
Initially, we agree with plaintiff that Supreme Court was without authority to dismiss this action pursuant to either CPLR 3216 or 3404. Specifically, CPLR 3216 authorizes the dismissal of a complaint for neglect to prosecute where certain statutory conditions precedent are satisfied, such as issue having been joined in the action (see CPLR 3216 [b] [1]; Baczkowski v Collins Constr. Co., 89 NY2d 499, 503 [1997]; Novastar Mtge., Inc. v Melius, 145 AD3d 1419, 1421 [3d Dept 2016]). CPLR 3404 authorizes the dismissal of abandoned cases, after the filing of the note of issue, that have been marked "off" the calendar and which were not restored within one year (see CPLR 3404; Wilmington Trust, N.A. v Mausler[*2], 192 AD3d 1212, 1213 [3d Dept 2021]; Franjieh v Gerardi, 63 AD3d 1502, 1503 [3d Dept 2009]). Here, however, it is undisputed that defendants had not joined issue, a note of issue had not been filed and the matter was never marked "off" the calendar. Accordingly, neither CPLR 3216 nor 3404 could have served as the basis to dismiss this action (see Wilmington Trust, N.A. v Mausler, 192 AD3d at 1213; Novastar Mtge., Inc. v Melius, 145 AD3d at 1421; see also Bank of N.Y. v Wells, 222 AD3d 1237, 1240 [3d Dept 2023]).
Nevertheless, we find that Supreme Court properly granted defendants' cross-motion to dismiss this action pursuant to CPLR 3215 (c). The statute provides that, "[i]f the plaintiff fails to take proceedings for the entry of judgment within one year after the default, the court shall not enter judgment but shall dismiss the complaint as abandoned, without costs, upon its own initiative or on motion, unless sufficient cause is shown why the complaint should not have been dismissed" (CPLR 3215 [c]; see Bank of Am., N.A. v Rahl, 178 AD3d 1293, 1293-1294 [3d Dept 2019]). In order to show sufficient cause, a plaintiff is required to "demonstrate a reasonable excuse for the delay and that the cause of action has merit" (Bank of N.Y. v Richards, 192 AD3d 1228, 1230 [3d Dept 2021] [internal quotation marks and citations omitted]; see HSBC Bank USA N.A. v Rothbeind, 179 AD3d 1323, 1324 [3d Dept 2020]). Such showing must further demonstrate that a plaintiff has taken proceedings which "manifest an intent not to abandon the case but to seek a judgment" (CitiMortgage, Inc. v Lottridge, 143 AD3d 1093, 1094 [3d Dept 2016] [internal quotation marks and citations omitted]; see Citimortgage, Inc. v Kimmerling, 220 AD3d 838, 840 [2d Dept 2023]; see generally Deutsche Bank Natl. Trust Co. v Ford, 183 AD3d 1168, 1169 [3d Dept 2020]).
Here, plaintiff contends that prior loan servicing records in relation to the subject property demonstrate an intent to not abandon its claim, including attempts to contact defendants, offers of a deed in lieu of foreclosure and hiring contractors to maintain the premises. The relevant records are depicted in the record as a series of screenshots from a data management system from May 2013 through February 2017, which are unexplained and lack accompaniment by a statement from an individual with the current loan servicer who has "personal knowledge of the [prior loan servicer's] business practices and procedures, or that the records provided by the [prior loan servicer] were incorporated into the recipient's own records or routinely relied upon by the recipient in its business" (State of New York v 158th St. & Riverside Dr. Hous. Co., Inc., 100 AD3d 1293, 1296 [3d Dept 2012], lv denied 20 NY3d 858 [2013]; see Wilmington Sav. Fund Socy., FSB v LaFrate, 215 AD3d 1023, 1025-1026 [3d Dept 2023]; Goldman Sachs Mtge. Co. v Mares, 166 AD3d 1126, 1127-1128 [3d Dept 2018]; compare Deutsche Bank Natl. Trust Co. v Monica, 131 AD3d 737, 739[*3][3d Dept 2015]). Such records further fail to account for the time period between commencement in September 2010 through May 2013, and from February 2017 through dismissal in October 2019 — each time period being independently sufficient to warrant dismissal under CPLR 3215 (c). Plaintiff's current counsel — the fourth law firm representing plaintiff since commencement — did not assume representation until December 2019, approximately two months after the case had already been dismissed, and therefore lacks personal knowledge of the facts regarding any time period prior to the dismissal of the action (see US Bank N.A. v Thurm, 140 AD3d 1578, 1578 [3d Dept 2016]). Since defendants did not waive their right to seek dismissal pursuant to CPLR 3215 (c) by their "failure to move to vacate their default in answering the complaint or appearing in this action," based on the record before us, Supreme Court properly granted that branch of defendants' cross-motion pursuant to CPLR 3215 (c) to dismiss the complaint insofar as asserted against them as abandoned (PennyMac Corp. v Weinberg, 203 AD3d 1061, 1063 [2d Dept 2022]; see Bank of N.Y. v Richards, 192 AD3d at 1230-1231; Bank of Am., N.A. v Rahl, 178 AD3d at 1294). In doing so, however, Supreme Court should not have directed such dismissal with prejudice (see Deutsche Bank Natl. Trust Co. v Brathwaite, 197 AD3d 557, 558 [2d Dept 2021]), and we therefore modify the order accordingly. We have examined the remaining contentions of the parties and have found them to be without merit or rendered academic.
Aarons, J.P., Pritzker, Reynolds Fitzgerald and McShan, JJ., concur.
ORDERED that the order is modified, on the law, with costs to defendants Kevin Willcox and Joanne Willcox, by reversing so much thereof as dismissed the complaint with prejudice; complaint dismissed without prejudice; and, as so modified, affirmed.

Footnotes

Footnote 1: Such form is not an order. The form was drafted by the Office of Court Administration and its use is mandated at such conferences.