Egan Jr., J.
Appeal from an order of the Supreme Court (Connolly, J.), entered September 4, 2014 in Schoharie County, which denied plaintiff’s motion to vacate a prior order of the court.
In February 2000, plaintiff purchased a vacant parcel of land located at the southern terminus of a dead-end street (Baker Avenue) in the Village of Middleburgh, Schoharie County, intending to cultivate a garden and to grow produce for both personal consumption and sale. The parcel was separated from Baker Avenue by a small stream, commonly known as Stony Creek. Prior to purchasing the property, plaintiff was aware that a bridge, which previously spanned Stony Creek and afforded access between Baker Avenue and the parcel, had fallen into disrepair and was not suitable for vehicular traffic.[1] This was of no particular concern to plaintiff, however, as he intended to salvage certain portions of the structure and restore the bridge to a usable state. Plaintiff completed his restoration efforts in June 2008.
Not long after plaintiff finished work on the bridge, a neighboring property owner allegedly began parking what plaintiff described as “a small fleet of motor vehicles at the end of Baker Avenue,” thereby obstructing plaintiff’s access to the bridge and rendering his parcel landlocked. When plaintiff complained, the neighbor purportedly advised him that, according to defendant’s representatives, defendant had abandoned the southernmost portion of Baker Avenue and, therefore, the neighbor could utilize the approximately .03 miles at issue in any manner he wished. Plaintiff’s subsequent and informal efforts to address the asserted abandonment, as well as his attempts to assign responsibility for future maintenance of and/or repairs to the restored bridge, proved to be unsuccessful. As a result, plaintiff commenced this action in February 2010 seeking, among other things, a declaration that Baker Avenue is a public road, an order compelling defendant to maintain both Baker Avenue and the bridge, compensatory damages for moneys expended by plaintiff in repairing the bridge and, in the absence of the requested declaration, money damages for the diminution in value of his property. Defendant answered and raised various affirmative defenses, including governmental immunity.
Supreme Court (Devine, J.) scheduled the matter for a *1361 pretrial settlement conference on January 27, 2012, but neither plaintiff nor his attorney appeared on that date. The conference was rescheduled for February 6, 2012 but, again, neither plaintiff nor his attorney were present. As a result, Supreme Court dismissed the complaint with prejudice. When defendant’s counsel circulated a proposed order, plaintiff’s counsel objected to Supreme Court’s dismissal of the complaint, in response to which Supreme Court scheduled another conference for March 12, 2012 — expressly indicating that no further adjournments would be entertained. Although plaintiff appeared on that date, his attorney did not. Two days later, Supreme Court’s previously signed order dismissing plaintiff’s complaint with prejudice was entered, and such order, together with notice of entry, was served upon plaintiff’s attorney on or about March 16, 2012.
More than two years later, plaintiff filed a “writ of error”— followed by a motion to vacate — seeking to vacate Supreme Court’s order dismissing his complaint.[2] Defendant opposed this motion contending, among other things, that plaintiff should have appealed from the underlying order and, having failed to do so, could not now be heard to complain. Supreme Court (Connolly, J.) denied plaintiff’s motion to vacate, citing 22 NYCRR 202.27 (b). This appeal by plaintiff ensued.
We affirm. “At any scheduled call of a calendar or at any conference, . . . [i]f the defendant appears but the plaintiff does not, the judge may dismiss the action” (22 NYCRR 202.27 [b]; see Bank of N.Y. v Castillo, 120 AD3d 598, 599 [2014]). “In order to vacate a dismissal pursuant to 22 NYCRR 202.27, [a] plaintiff [is] required to demonstrate a reasonable excuse for [his or her] failure to appear and a potentially meritorious cause of action” {Bank of N.Y. v Mohammed, 130 AD3d 1419, 1420 [2015] [citations omitted]; see Foley Inc. v Metropolis Superstructures, Inc., 130 AD3d 680, 680 [2015]). Cases evaluating the propriety of a dismissal under 22 NYCRR 202.27 routinely reference CPLR 5015 (a) (1) {see e.g. Foley Inc. v Metropolis Superstructures, Inc., 130 AD3d at 680; Mazzio v Jennings, 128 AD3d 1032, 1032 [2015]; GMAC Mtge., LLC v Guccione, 127 AD3d 1136, 1138 [2015]; Hagen-Meurer v Balakhane, 127 AD3d 1020, 1020 [2015]), upon which the parties here also rely. CPLR 5015 provides, in relevant part, that a court may vacate a judgment or order upon the ground of “excusable default, if such motion is made within one year *1362 after service of a copy of the judgment or order with written notice of its entry upon the moving party” (CPLR 5015 [a] [1]; see Mathew v Mathew, 137 AD3d 1086, 1087 [2016]; Yung Chong Ho v Uppal, 130 AD3d 811, 812 [2015]; City of Albany Indus. Dev. Agency v Garg, 250 AD2d 991, 993 [1998])— provided the defaulting party demonstrates both a reasonable excuse for the default and the existence of a potentially meritorious cause of action (see Wright v City of Poughkeepsie, 136 AD3d 809, 809 [2016]; Yong U Lee v Huan Wen Zhang, 133 AD3d 651, 651 [2015]). “Amotion to vacate a prior judgment or order is addressed to the court’s sound discretion, subject to reversal only where there has been a clear abuse of that discretion” (Pritchard v Curtis, 101 AD3d 1502, 1503 [2012] [internal quotation marks and citation omitted]; see Matter of McLaughlin, 111 AD3d 1185, 1186 [2013]).
Here, the record reflects that a copy of Justice Devine’s order dismissing plaintiff’s complaint with prejudice, together with notice of entry, was served upon plaintiff’s counsel on or about March 16, 2012. Inasmuch as plaintiff did not move to vacate that order until more than two years later, plaintiff’s motion to vacate pursuant to CPLR 5015 (a) (1) clearly was untimely (see CPLR 5015 [a] [1]; Alexander v New York City Tr. Auth., 70 AD3d 876, 877 [2010]; Terlizzese v Robinson’s Custom Serv., Inc., 25 AD3d 547, 548 [2006]). While it is true, as plaintiff points out, that Supreme Court retains inherent authority to vacate its own judgment or order “in the interest of justice, even where the statutory one-year period under CPLR 5015 (a) (1) has expired” (Mathew v Mathew, 137 AD3d at 1087 [internal quotation marks and citations omitted]; see Borst v International Paper Co., 121 AD3d 1343, 1348 [2014]), plaintiff’s motion papers fail to articulate any reasonable excuse for his more than two-year delay in bringing the underlying motion to vacate. Moreover, even if we were to consider plaintiff’s belated explanation for such delay — namely, that he was under the mistaken impression that he had to await resolution of the attorney disciplinary proceeding before bringing the motion to vacate — we still would be unable to conclude that Supreme Court abused its discretion in denying plaintiff’s motion. Simply put, plaintiff has not offered a reasonable excuse for his failures to appear in the first instance, nor has he made any attempt to demonstrate that he has a potentially meritorious cause of action. Under these circumstances, and regardless of whether the underlying motion is evaluated under 22 NYCRR 202.27 or CPLR 5015, Supreme Court did not abuse its discretion in denying plaintiff’s motion to vacate. To the extent that plaintiff argues on appeal that “Supreme Court should have *1363 modified [the] prior order to reflect that the matter was only dismissed without prejudice,” we need note only that plaintiff never asked Supreme Court for this alternative relief or moved to modify the underlying order {compare GMAC Mtge., LLC v Guccione, 127 AD3d at 1137-1138) and, as such, cannot now be heard to complain. The parties’ remaining arguments have been examined and found to be lacking in merit.
Garry, J.P., Lynch, Clark and Mulvey, JJ., concur.
Ordered that the order is affirmed, without costs.

. According to plaintiff, the bridge was damaged in the early to mid-1980s when firefighters attempted to drive a fire truck across the bridge in response to a fire on the property.

. In the interim, plaintiff filed a disciplinary complaint against his attorney, which culminated in counsel’s one-year suspension from the practice of law.