*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  January 12, 2017                    522779
_____

SHAKIMA HILL, as Administrator
    of the Estate of JAMES
    McCRAE, Deceased,
                        Respondent,

        v
                                            MEMORANDUM AND ORDER
NATOWI McCRAE et al.,
                        Appellants,

        and

ANDREW J. O'BRIEN,
                        Respondent.
_____


Calendar Date:  November 15, 2016

Before:  Garry, J.P., Egan Jr., Devine, Clark and Mulvey, JJ.

                        _____


        Law Office of Jaime E. Gangemi, New York City (William S.
Badura of Kornfeld, Rew, Newman & Simeone, Suffern, of counsel),
for appellants.

        LaFave, Wein & Frament, PLLC, Guilderland (Paul H. Wein of
counsel), for Shakima Hill, respondent.

        Goldberg Segalla, Albany (Latha Raghavan of counsel), for
Andrew J. O'Brien, respondent.

                        _____


Clark, J.

        Appeal from an order of the Supreme Court (Zwack, J.),
entered June 11, 2015 in Albany County, which denied a motion by
defendants Natowi McCrae and Jose A. Gonzalez to vacate default
judgments entered against them.

On January 15, 2008, James McCrae (hereinafter decedent) was a passenger in a vehicle operated by defendant Natowi McCrae (hereinafter McCrae) and purportedly owned by defendant Jose A. Gonzalez. As the vehicle was traveling eastbound on Jefferson Street in the City of Albany and through the intersection with Dove Street, it collided with another vehicle – operated by defendant Andrew J. O'Brien – traveling southbound on Dove Street. Decedent sustained an injury to his left ankle during the collision and, in November 2010, he commenced this personal injury action against defendants.[1] McCrae and Gonzalez joined issue and asserted cross claims against O'Brien for contribution and common-law indemnification, and O'Brien joined issue, asserting cross claims against McCrae and Gonzalez for similar relief.

On October 23, 2014, the parties appeared for a conference before Supreme Court to discuss outstanding discovery issues. At that conference, Supreme Court ordered that McCrae's deposition be held on or before December 5, 2014 and scheduled a compliance conference for January 29, 2015. McCrae ultimately was not deposed and when neither McCrae nor Gonzalez or their counsel appeared for the January 2015 compliance conference, both plaintiff and O'Brien orally moved for default judgments pursuant to 22 NYCRR 202.27. In a judgment dated February 5, 2015, Supreme Court granted plaintiff's motion in all respects and directed that the matter be scheduled for an inquest upon the filing of a note of issue. In a separate judgment dated February 6, 2015, Supreme Court, among other things, dismissed the cross claims against O'Brien and entered a default judgment in his favor on his cross claims. Supreme Court denied the subsequent motion of McCrae and Gonzalez seeking to vacate the judgments, thereby prompting this appeal.

As an initial matter, McCrae and Gonzalez assert that this action remains "in a procedural quagmire" because the judgment dated February 5, 2015 indicated that plaintiff moved for an

---

[1] During the pendency of this action, decedent died and plaintiff, his daughter, was appointed administrator of his estate and duly substituted as plaintiff in the action.

order striking McCrae's answer and entered a default judgment against McCrae, but not Gonzalez. However, it is clear from the record that Supreme Court's error in this regard was inadvertent and that it intended to strike the answer of McCrae and Gonzalez in its entirety and grant plaintiff a default judgment against both of them. Moreover, in their motion to vacate, McCrae and Gonzalez proceeded as though the default judgment entered in favor of plaintiff applied equally to them both. Accordingly, as correction of the error would not affect a substantial right of any of the parties, we direct Supreme Court to cure the mistake (see CPLR 5019 [a]; Federal Deposit Ins. Corp. v J & D Einbinder Assoc., 224 AD2d 655, 656 [1996]).

Turning to the merits, a defendant seeking to vacate an order entered pursuant to 22 NYCRR 202.27 must demonstrate both a reasonable excuse for the default and a potentially meritorious defense or cross claim (see CPLR 5015 [a]; Hayes v Village of Middleburgh, 140 AD3d 1359, 1361 [2016]; Foley Inc. v Metropolis Superstructures, Inc., 130 AD3d 680, 680 [2015]; Acevedo v Navarro, 22 AD3d 391, 392 [2005]). Here, the excuse of law office failure proffered by McCrae and Gonzalez was not a reasonable excuse for their nonappearance at the January 2015 compliance conference, particularly given that their counsel had a history of ignoring communications from the opposing parties and, at the time of the compliance conference, McCrae had yet to be deposed, despite Supreme Court's order that such deposition be completed on or before December 5, 2014 (see Imovegreen, LLC v Frantic, LLC, 139 AD3d 539, 539-540 [2016]; Bank of N.Y. v Mohammed, 130 AD3d 1419, 1420 [2015]; Campos v New York City Health & Hosps. Corp., 307 AD2d 785, 786 [2003]). In the absence of a reasonable excuse, we need not reach the question of whether McCrae and Gonzalez demonstrated a meritorious defense or cross claim (see US Bank N.A. v Thurm, 140 AD3d 1578, 1579 [2016]; Cotter v Dukharan, 110 AD3d 1331, 1333 [2013]; Kranenburg v Butwell, 34 AD3d 1005, 1006 [2006]). Thus, as we discern no abuse of discretion on the part of Supreme Court, we decline to disturb its denial of McCrae and Gonzalez's motion to vacate (see GMAC Mtge., LLC v Guccione, 127 AD3d 1136, 1138 [2015]).

Garry, J.P., Egan Jr., Devine and Mulvey, JJ., concur.

ORDERED that the order is affirmed, with one bill of costs, and Supreme Court is directed to cure the defects in the judgment dated February 5, 2015.

ENTER:

Robert D. Mayberger
Clerk of the Court