Rumsey, J.
 

 Appeals (1) from an order of the Supreme Court (Ceresia Jr., J.), entered July 30, 2013 in Columbia County, which dismissed plaintiffs foreclosure action, and (2) from an order of said court (Zwack, J.), entered April 28, 2016 in Columbia County, which denied plaintiffs motion to vacate the dismissal of its foreclosure action.
 

 Plaintiff commenced this foreclosure action in May 2009 and was granted an order of reference in October 2009. On April 5, 2013, as the case had not been placed on the trial calendar and no formal applications had been made since 2009, Supreme Court (Ceresia Jr., J.) held a conference. Notice of the conference advised the parties that the failure to appear ready to proceed could result in dismissal of the action pursuant to 22 NYCRR 202.27. At the conference, plaintiff was not ready to proceed and requested 90 days to submit a formal motion. Supreme Court extended the time for plaintiff to proceed by granting the request, with the understanding that a failure to submit a motion within that time period would result in the action being dismissed. Plaintiff failed to submit a motion within 90 days and, on July 22, 2013, the court dismissed the action as abandoned pursuant to 22 NYCRR 202.27. Plaintiffs subsequent motion to vacate the dismissal was denied by Supreme Court (Zwack, J.), and plaintiff now appeals from both orders.
 

 Initially, no appeal as of right lies from the July 2013 order of dismissal because it was entered by Supreme Court (Ceresia Jr., J.), pursuant to 22 NYCRR 202.27, without a motion on notice having been made (see Sholes v Meagher, 100 NY2d 333, 335-336 [2003]; Brannigan v Dubuque, 199 AD2d 851, 851 [1993]). The proper procedure for obtaining review of an order made on default is to move to vacate the default, as plaintiff did in this case (see Sholes v Meagher, 100 NY2d at 335; Brannigan v Dubuque, 199 AD2d at 851-852). Accordingly, the appeal from this order must be dismissed.
 

 “A motion to vacate a dismissal pursuant to 22 NYCRR 202.27 must be supported by a reasonable excuse for the failure to proceed and a meritorious cause of action” (US Bank N.A. v Thurm, 140 AD3d 1578, 1579 [2016] [citations omitted]). “A motion to vacate a prior judgment or order is addressed to the court’s sound discretion, subject to reversal only where there has been a clear abuse of that discretion” (Hayes v Village of Middleburgh, 140 AD3d 1359, 1362 [2016] [internal quotation marks and citation omitted]; accord Luderowski v Sexton, 152 AD3d 918, 920 [2017]). In its motion to vacate, plaintiff asserted that, at the time that the foreclosure action was dismissed, its attorneys were “in the final stages of preparation of an application for a judgment of [foreclosure and [s]ale,” and that the delay in submitting a motion was caused by the need to ensure that all necessary supporting documentation was available to permit completion of the application and preparation of an attorney affirmation in compliance with Administrative Order of the Chief Administrator of the Courts AO/548/10.
 

 Supreme Court (Zwack, J.) found that plaintiffs excuse was incredible. Although plaintiff claimed that it was “in the final stages” of preparing an application for a judgment of foreclosure when the action was dismissed in July 2013, the record does not contain any documents dated prior to, or contemporaneously with, the dismissal order that would substantiate plaintiff’s excuse. The application for a judgment of foreclosure made concurrently with the motion to vacate the dismissal order is based on documents prepared in April 2014 and May 2014, nearly one year later. Moreover, plaintiff did not offer any explanation for its conclusory claim that additional time was required to obtain the necessary supporting documentation. Accordingly, Supreme Court did not abuse its discretion in rejecting plaintiff’s excuse as incredible (see Agway, Inc., AAP New England v Chichester, 259 AD2d 880, 880-881 [1999]; see also OneWest Bank, FSB v Singer, 153 AD3d 714, 716 [2017]). Inasmuch as plaintiff failed to establish a reasonable excuse for its default, we need not determine whether plaintiff demonstrated a meritorious cause of action (see US Bank N.A. v Thurm, 140 AD3d at 1579), or whether Supreme Court properly dismissed the action pursuant to 22 NYCRR 202.27.
 

 Peters, P.J., Garry, Rose and Aarons, JJ., concur.
 

 Ordered that the appeal from the order entered July 30, 2013 is dismissed.
 

 Ordered that the order entered April 28, 2016 is affirmed, with costs.