Johnson v Laramay (2019 NY Slip Op 07817)





Johnson v Laramay


2019 NY Slip Op 07817


Decided on October 31, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 31, 2019

526061

[*1]Johnathan Johnson, Appellant,
v
Jerry Laramay et al., Respondents.

Calendar Date: September 11, 2019

Before: Egan Jr., J.P., Lynch, Mulvey and Devine, JJ.


Johnathan Johnson, Malone, appellant pro se.
Letitia James, Attorney General, Albany (Jennifer L. Clark of counsel), for respondents.



Devine, J.
Appeal from an order of the Supreme Court (Ellis, J.), entered December 26, 2017 in Franklin County, which denied plaintiff's motion to vacate the dismissal of his action.
Plaintiff, a prison inmate, commenced this action alleging, among other things, assault, battery and various claims under 42 USC § 1983. Supreme Court scheduled a pretrial conference and issued an order directing that plaintiff be produced for it. Plaintiff refused to leave his cell on the morning of the pretrial conference and did not appear. Supreme Court accordingly dismissed the complaint under 22 NYCRR 202.27. Plaintiff then moved to vacate the dismissal. The court denied the motion, prompting this appeal by plaintiff. We affirm.
To vacate a dismissal under 22 NYCRR 202.27, it was incumbent upon plaintiff to provide a reasonable excuse for his failure to appear and to demonstrate a potentially meritorious cause of action (see BAC Home Loans Servicing, LP v Funk, 154 AD3d 1244, 1245 [2017]; Hill v McCrae, 146 AD3d 1131, 1132 [2017]). Plaintiff made no effort to demonstrate the merits of his claims, which would warrant denial of the motion by itself (see Contractors Cas. & Sur. Co. v 535 Broadhollow Realty, 276 AD2d 737, 738 [2000]). Moreover, his excuse for refusing to attend the conference was that one of the correction officers assigned to escort him to the courthouse was a named defendant. Supreme Court appropriately determined that this was not a reasonable excuse, as the correction officer was free to attend the conference as a named defendant, and plaintiff could have objected to that attendance had he elected to appear. In light of the foregoing, Supreme Court did not abuse its discretion in denying plaintiff's motion. Finally, plaintiff's assertion that the court should not have scheduled a pretrial conference is improperly raised for the first time on appeal (see Hanscom v Goldman, 109 AD3d 964, 964 [2013]).
Egan Jr., J.P., Lynch and Mulvey, JJ., concur.
ORDERED that the order is affirmed, without costs.