Onewest Bank, F.S.B. v Mazzone (2020 NY Slip Op 05011)





Onewest Bank, F.S.B. v Mazzone


2020 NY Slip Op 05011


Decided on September 17, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: September 17, 2020

529912

[*1]Onewest Bank, F.S.B., Respondent,
v
Lynn M. Mazzone, Also Known as Lynn Mazzone, et al., Appellants, et al., Defendant.

Calendar Date: August 20, 2020

Before: Garry, P.J., Lynch, Aarons, Reynolds Fitzgerald and Colangelo, JJ.


Mann Law Firm, PC, Latham (Matthew J. Mann of counsel), for appellants.
Akerman LLP, New York City (Jordan M. Smith of counsel), for respondent.



Lynch, J.
Appeal from an order of the Supreme Court (O'Connor, J.), entered May 23, 2019 in Albany County, which granted plaintiff's motion to vacate the dismissal of its foreclosure action.
In November 2006, defendants Lynn M. Mazzone and Jeffrey Mazzone (hereinafter collectively referred to as defendants) executed a note to borrow $172,000 from Quicken Loans, secured by a mortgage against their real property. In April 2011, plaintiff, which had acquired the note, commenced this foreclosure action alleging that defendants failed to make payments on the mortgage since June 2010. Following joinder of issue, Supreme Court (Teresi, J.) granted plaintiff's motion for summary judgment and appointed a referee, a decision we upheld on appeal (130 AD3d 1399, 1400 [2015]).
After a series of unsuccessful settlement conferences, Supreme Court (O'Connor, J.) issued a letter order scheduling a status conference for January 31, 2018. In doing so, the court observed that plaintiff had failed to proceed in a timely manner and warned that a failure to appear would result in the case being dismissed pursuant to 22 NYCRR 202.27. When plaintiff failed to appear for the conference, the court sua sponte dismissed the action, albeit without issuing a written order. Plaintiff moved for reconsideration, explaining that there had been a calendaring error. At the rescheduled conference on February 13, 2018, the court orally changed the default dismissal to a conditional dismissal, contingent upon plaintiff filing a motion for a judgment of foreclosure and sale within 30 days (compare CPLR 3126). About a month later, plaintiff's counsel requested an extension of the 30-day deadline in order to obtain an affidavit of merit from the client. By letter order dated March 21, 2018, the court denied the request, finding that plaintiff had not offered a sufficient reason for failing to timely obtain the affidavit. Noting that "this case [was] approximately seven years old, and ha[d] a long and tortured history," the court held that the January 2018 default dismissal remained in effect.
In March 2019, plaintiff moved to vacate the dismissal pursuant to CPLR 2221 (a), asserting that it had a reasonable excuse for its failure to appear for the January 2018 conference and a meritorious cause of action. In May 2019, following an appearance by the parties, Supreme Court granted plaintiff's motion and vacated the January 2018 dismissal and the March 2018 letter order ratifying same, restoring the action to the calendar. Defendants appeal.
We affirm.[FN1] "22 NYCRR 202.27 gives a court the discretion to dismiss an action where [a] plaintiff fails to appear at any scheduled call of a calendar or at any conference" (Bank of N.Y. v Harper, 176 AD3d 907, 909 [2019] [internal quotation marks, brackets and citation omitted]). "To vacate a dismissal under 22 NYCRR 202.27, it [is] incumbent upon [a] plaintiff to provide a reasonable excuse for his [or her] failure to appear and to demonstrate a potentially meritorious cause of action" (Johnson v Laramay, 176 AD3d 1515, 1515-1516 [2019] [citations omitted], lv dismissed 34 NY3d 1149 [2020]; see Hill v McCrae, 146 AD3d 1131, 1132 [2017]). "A motion to vacate a prior judgment or order is addressed to the court's sound discretion, subject to reversal only where there has been a clear abuse of that discretion" (BAC Home Loans Servicing, LP v Funk, 154 AD3d 1244, 1245 [2017] [internal quotation marks and citations omitted]).
Here, plaintiff's counsel explained that, due to a scheduling error, the assigned attorney actually appeared in court on the conference date but missed the calendar call. Law office failure may constitute a reasonable excuse for an appearance default (see Bank of N.Y. Mellon Trust Co., N.A. v Talukder, 176 AD3d 772, 774 [2019]; Luderowski v Sexton, 152 AD3d 918, 919-920 [2017]). Given the isolated nature of this nonappearance, we find that Supreme Court acted within its discretion in reconsidering and vacating the default dismissal (see Luderowski v Sexton, 152 AD3d at 919-920; Goldman v Cotter, 10 AD3d 289, 291 [2004]). Notably, plaintiff supported its vacatur motion with a duly executed affidavit of merit from its representative. We further recognize that plaintiff has a meritorious cause of action, as we affirmed the award of summary judgment in plaintiff's favor (130 AD3d at 1400-1401). Under the circumstances presented, we conclude that the court acted within its discretion in granting the motion to vacate.
Garry, P.J., Aarons, Reynolds Fitzgerald and Colangelo, JJ., concur.
ORDERED that the order is affirmed, with costs.



Footnotes

Footnote 1: Initially, contrary to defendants' contention, as plaintiff's motion was one to vacate and not to reargue, the motion was not untimely (see CPLR 2221 [a], [d] [3]; 5015 [a] [1]; Preferred Mut. Ins. Co. v DiLorenzo, 183 AD3d 1091, 1095 [2020]).