U.S. Bank, N.A. v Clarkson (2020 NY Slip Op 05994)





U.S. Bank, N.A. v Clarkson


2020 NY Slip Op 05994


Decided on October 22, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 22, 2020

529367 530498

[*1]U.S. Bank, N.A., as Successor Trustee, Appellant,
v
Brian K. Clarkson et al., Respondents, et al., Defendants.

Calendar Date: September 9, 2020

Before: Egan Jr., J.P., Mulvey, Devine, Aarons and Colangelo, JJ.


RAS Boriskin, LLC, Westbury (Joseph F. Battista of counsel), for appellant.
Barbaruolo Law Firm, PC, Latham (Justin Myers of counsel), for respondents.



Aarons, J.
Appeals (1) from an order of the Supreme Court (McNally Jr., J.), entered February 14, 2019 in Rensselaer County, which, among other things, dismissed plaintiff's complaint, and (2) from an order of said court, entered November 12, 2019 in Rensselaer County, which denied plaintiff's motion to vacate the prior order of dismissal.
Plaintiff commenced this mortgage foreclosure action in June 2016. After defendants joined issue, plaintiff moved for, among other things, summary judgment against defendants and an order appointing a referee to compute the sum due. Defendants defaulted and Supreme Court granted plaintiff's motion. Subsequently, Supreme Court scheduled the matter for a mandatory conference. In doing so, Supreme Court advised the parties that the failure to appear may result in a default and dismissal of the defaulting party's claim. On the scheduled conference day, defendants appeared but plaintiff failed to do so. Therefore, by a February 2019 order, Supreme Court dismissed the complaint pursuant to 22 NYCRR 202.27 (b). In an order entered in November 2019, Supreme Court denied plaintiff's subsequent motion to vacate the dismissal. Plaintiff appeals from both orders.
Initially, we note that no appeal lies as of right from the February 2019 order because it was entered pursuant to 22 NYCRR 202.27 (b), without a motion on notice being made (see BAC Home Loans Servicing, LP v Funk, 154 AD3d 1244, 1245 [2017]). Accordingly, the appeal from that order must be dismissed.
Turning to the merits, to prevail on its motion to vacate the February 2019 order, plaintiff was required to demonstrate a reasonable excuse for its failure to appear at the conference and the existence of a potentially meritorious claim (see Johnson v Laramay, 176 AD3d 1515, 1515-1516 [2019], lv dismissed 34 NY3d 1149 [2020]; Hill v McCrae, 146 AD3d 1131, 1132 [2017]). A determination of reasonable excuse is left to the sound discretion of Supreme Court and will only be disturbed where there has been a clear abuse of that discretion (see Elsawi v Saratoga Springs City Sch. Dist., 179 AD3d 1186, 1189 [2020]; Hayes v Village of Middleburgh, 140 AD3d 1359, 1362 [2016]). In exercising this discretion, Supreme Court may accept law office failure as an excuse "where the claim of law office failure is supported by a detailed and credible explanation of the default" (1158 Props., LLC v 1158 McDonald, LLC, 104 AD3d 658, 658 [2013] [internal quotation marks and citations omitted]; see CPLR 2005; Onewest Bank, F.S.B. v Mazzone, ___ AD3d___, ___, 2020 NY Slip Op 05011, *1 [2020]; Luderowski v Sexton, 152 AD3d 918, 920 [2017]).
Here, plaintiff's counsel explained that the reason for the failure to appear in person at the scheduled conference was because of a calendaring oversight. Counsel explained that he was on vacation in Europe on the day scheduled for the conference. When counsel realized this mistake, he contacted Supreme Court and requested to appear telephonically. Supreme Court accommodated this request and, according to counsel, offered to initiate the call. However, when counsel did not receive a telephone call at the scheduled time, he telephoned chambers, and was informed that defendants had not yet appeared. Counsel avers that he never received a follow-up telephone call from Supreme Court. Counsel also provided his telephone records showing the outgoing calls that he had made that morning to chambers and no incoming calls from Supreme Court. As such, plaintiff demonstrated a reasonable excuse for not appearing at the conference.
Furthermore, counsel filed the motion to vacate approximately three months after the entry of the February 2019 order, and there has been no showing that defendants would suffer any prejudice by having the matter determined on the merits (see Matter of Santander Consumer USA, Inc. v Kobi Auto Collision & Paint Ctr., Inc., 166 AD3d 1365, 1365-1366 [2018]; Luderowski v Sexton, 152 AD3d at 920). Defendants' contention that this default stemmed from plaintiff's exhibited pattern of inattention to procedure and indifference to Supreme Court's directives is not supported by the record. Plaintiff avers that it had only missed a conference once over a two-year period of litigation. Similarly, in response to defendants' claim that they were not served with the motion for summary judgment, plaintiff submitted an affirmation of service indicating that the motion was served on defendants. Under all of these circumstances, we find that plaintiff's default was attributable to an excusable instance of law office failure (see Onewest Bank, F.S.B. v Mazzone, 2020 NY Slip Op 05011 at *1; Luderowski v Sexton, 152 AD3d at 920).
Finally, inasmuch as plaintiff adduced a copy of the note, the mortgage and evidence of defendants' default, plaintiff demonstrated the existence of a potentially meritorious claim (see Wells Fargo Bank, N.A. v Walker, 141 AD3d 986, 987 [2016]; Nationstar Mtge., LLC v Alling, 141 AD3d 916, 918 [2016]). Accordingly, plaintiff's motion should have been granted.
Egan Jr., J.P., Mulvey, Devine and Colangelo, JJ., concur.
ORDERED that the appeal from the order entered February 14, 2019 order is dismissed, without costs.
ORDERED that the order entered November 12, 2019 is reversed, on the law, with costs, and plaintiff's motion granted.