Johnson v Boll (2022 NY Slip Op 00341)





Johnson v Boll


2022 NY Slip Op 00341


Decided on January 20, 2022


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:January 20, 2022

530747
[*1]Johnathan Johnson, Appellant,
v
Maureen E. Boll, as Deputy Commissioner of Correction and Community Supervision, et al., Respondents.

Calendar Date:December 15, 2021

Before:Egan Jr., J.P., Clark, Pritzker and Colangelo, JJ.

Johnathan Johnson, Malone, appellant pro se.
Letitia James, Attorney General, Albany (Kathleen M. Treasure of counsel), for respondents.



Colangelo, J.
Appeal from an order of the Supreme Court (Main Jr., J.), entered December 31, 2019 in Franklin County, which, among other things, denied plaintiff's motion to, among other things, vacate a default order.
In July 2013, plaintiff, an incarcerated individual in the custody of the Department of Corrections and Community Supervision, commenced an action pursuant to 42 USC § 1983 against defendants, alleging, among other things, that they violated his access to the courts under the NY and US Constitutions. Prior to serving an answer, defendants moved to dismiss the complaint for failure to state a cause of action, which was partially granted. Defendants subsequently failed to serve and file an answer as directed and plaintiff successfully moved for a default judgment, and an inquest was scheduled on damages. Defendants, who by then had filed an answer, cross-moved, unsuccessfully, for an order deeming their answer timely filed. Plaintiff failed to appear at the inquest and, based upon his default, defendants successfully moved for an order dismissing the complaint with prejudice. Plaintiff moved to vacate his default and for Supreme Court to recuse itself, which applications were opposed and ultimately denied. This appeal by plaintiff ensued. We affirm.
Plaintiff asserts that Supreme Court abused its discretion in denying his motion to vacate the default on the ground that he failed to submit evidence that he suffered damages as a result of defendants' conduct. We are unpersuaded. "[T]o prevail on [his] motion to vacate the [default] order, plaintiff was required to demonstrate a reasonable excuse for [his] failure to appear at the [inquest] and the existence of a potentially meritorious claim" (U.S. Bank, N.A. v Clarkson, 187 AD3d 1376, 1377 [2020] [citations omitted]; see CPLR 5015 [a] [1]; Lai v Montes, 182 AD3d 646, 648 [2020]; Matter of King v King, 167 AD3d 1272, 1272 [2018]; Rutnick & Corr CPA's, P.C. v Guptill Farms, Inc., 127 AD3d 1531, 1531 [2015]).
"In order to state a claim for denial of access to the courts, a plaintiff must demonstrate that a defendant caused actual injury, i.e., took or was responsible for actions that hindered [the plaintiff's] efforts to pursue a legal claim" (Johnson v Collyer, 191 AD3d 1192, 1193 [2021] [internal quotation marks and citations omitted]). "To establish an actual injury, a plaintiff must state in his or her complaint a nonfrivolous legal claim that had been frustrated or impeded by the defendant, and the complaint should state the underlying legal claims with the same degree of specificity as if they were being independently pursued" (id. at 1193-1194 [internal quotation marks and citations omitted]). The verified complaint fails in this regard. Plaintiff merely asserts, without any evidentiary support, that he was denied access to the courts (see Wise v Classon Vil., L.P., 172 AD3d 1444, 1446 [2019]). "[P]laintiff made no effort to demonstrate the merits of his claims, which would warrant [*2]denial of the motion by itself" (Johnson v Laramay, 176 AD3d 1515, 1516 [2019], lv dismissed 34 NY3d 1149 [2020]). As Supreme Court correctly noted, plaintiff did not submit "any evidence . . . that he suffered damages as a result of defendants' conduct." Having failed to demonstrate the existence of a meritorious claim, we need not decide whether plaintiff has shown a reasonable excuse for his failure to appear at the inquest.
We further find that Supreme Court properly denied plaintiff's recusal motion. Disqualification was not statutorily required (see Judiciary Law § 14), and the court's decision on a motion of this nature will not be disturbed absent a clear abuse of discretion, which is not present here (see People v Glynn, 21 NY3d 614, 618 [2013]). In light of our determination, we need not address plaintiff's remaining contention.
Egan Jr., J.P., Clark and Pritzker, JJ., concur.
ORDERED that the order is affirmed, without costs.