Wilmington Sav. Fund Socy., FSB v Bardini (2022 NY Slip Op 04592)

Wilmington Sav. Fund Socy., FSB v Bardini

2022 NY Slip Op 04592

Decided on July 14, 2022

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:July 14, 2022

529576
[*1]Wilmington Savings Fund Society, FSB, Doing Business as Christiana Trust, Appellant,
v
Renato Marco Bardini et al., Defendants.

Calendar Date:June 1, 2022

Before:Clark, J.P., Pritzker, Reynolds Fitzgerald, Ceresia and Fisher, JJ.

Roach & Lin, PC, Syosset (Michael C. Manniello of counsel), for appellant.

Clark, J.P.
Appeal from an order of the Supreme Court (Mott, J.), entered October 15, 2018 in Columbia County, which denied plaintiff's motion to vacate a prior order.
In 2010, CitiMortgage, Inc. commenced the instant mortgage foreclosure action against, among others, defendants Renato Marco Bardini and Michele Bardini (hereinafter collectively referred to as defendants), as well as defendant Mary Bardini (hereinafter decedent), alleging that they had defaulted on a note secured by certain real property in Columbia County. However, CitiMortgage voluntarily discontinued the action in 2016. In September 2017, upon plaintiff's unopposed motion, Supreme Court vacated the discontinuance, restored the matter to the court's calendar and substituted plaintiff for CitiMortgage. Additionally, based upon plaintiff's representation, Supreme Court directed plaintiff to make an application to effectuate service by publication on the unknown heirs of decedent by October 27, 2017. In November 2017, however, plaintiff advised the court that service by publication was unnecessary because it had discovered decedent's last will and testament, which bequeathed the premises to defendants at the time of her death in 1981. Plaintiff further advised that it would proceed by filing an order of reference. On January 2, 2018, plaintiff appeared for a status conference via "local counsel," during which Supreme Court directed plaintiff to move for an order of reference by January 23, 2018, cautioning that failure to do so would result in dismissal of the action. Thereafter, plaintiff twice requested an extension of the court-imposed deadline, stating that it could not comply with the deadline because, although it had served defendants with the summons and complaint, defendants' time to answer had not yet expired, thereby precluding an application for an order of reference. Supreme Court denied the extension requests and dismissed the action as abandoned under 22 NYCRR 202.27. In June 2018, plaintiff moved to vacate the dismissal, restore the matter to the court's calendar and permit the late filing of proof of service upon defendants. Supreme Court denied the motion. Plaintiff appeals, and we affirm.
Plaintiff argues that Supreme Court should have granted its motion to vacate the order dismissing the action. "A motion to vacate a dismissal pursuant to 22 NYCRR 202.27 must be supported by a reasonable excuse for the failure to proceed and a meritorious cause of action" (BAC Home Loans Servicing, LP v Funk, 154 AD3d 1244, 1245 [2017] [internal quotation marks and citations omitted]; see CPLR 5015 [a] [1]; Chase Home Fin., LLC v Desormeau, 152 AD3d 1033, 1034-1035 [2017]). Such a motion "is addressed to the court's sound discretion, subject to reversal only where there has been a clear abuse of that discretion" (Hayes v Village of Middleburgh, 140 AD3d 1359, 1362 [2016] [internal quotation marks and citations omitted]; accord Bank of N.Y. v Richards, 192 AD3d 1228, 1229 [2021[*2]]; BAC Home Loans Servicing, LP v Funk, 154 AD3d at 1245).
In its motion to vacate, plaintiff argued that its failure to comply with the court-imposed deadline was due to law office failure — that is, its agreement to an "impossible" deadline - and the transfer of the file from prior counsel. Like Supreme Court, we find that such assertions are conclusory and do not constitute a reasonable excuse for plaintiff's delay. Although plaintiff asserted in one of its extension requests that local counsel may not have been aware of the circumstances of the case when consenting to the deadline, generalized assertions of unpreparedness are insufficient to demonstrate law office failure (see Ap X-Power Media, Inc. v Ocean Bridge, Inc., 83 AD3d 612, 613 [2011]). Plaintiff does not offer any explanation as to why it took so long to determine that defendants, who were named in the complaint, had not been served with process. In our view, plaintiff's failure to meet the court-imposed deadline was a product of plaintiff's own delay in discovering the lack of service upon defendants and thereafter failing to timely effectuate service (see generally McCue v Trifera, LLC, 173 AD3d 1416, 1419 [2019]; Historic Pastures Homeowners Assn., Inc. v Ace Holding, LLC, 167 AD3d 1389, 1391 [2018]). Accordingly, we discern no abuse of discretion in Supreme Court's denial of plaintiff's motion to vacate its order of dismissal and decline to disturb it (see BAC Home Loans Servicing, LP v Funk, 154 AD3d at 1246; Hill v McCrae, 146 AD3d 1131, 1133 [2017]).
Pritzker, Reynolds Fitzgerald, Ceresia and Fisher, JJ., concur.
ORDERED that the order is affirmed, without costs.