Bank of N.Y. Mellon v Vaiana (2023 NY Slip Op 03961)

Bank of N.Y. Mellon v Vaiana

2023 NY Slip Op 03961

Decided on July 27, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:July 27, 2023

535336
[*1]Bank of New York Mellon, Formerly Known as Bank of New York, as Successor Trustee, Appellant,
v
Anthony Vaiana et al., Defendants.

Calendar Date:June 1, 2023

Before:Egan Jr., J.P., Lynch, Aarons, Fisher and McShan, JJ.

Knuckles Komosinski & Manfro LLP, Elmsford (Marc E. Garcia of counsel), for appellant.

Lynch, J.
Appeal from an order of the Supreme Court (Adam W. Silverman, J.), entered February 18, 2022 in Greene County, which denied plaintiff's motion to vacate a prior order.
In January 2005, defendants executed a note to borrow $150,000 from Somerset Investors Corp., secured by a mortgage against their real property in Greene County. In January 2010, plaintiff, which had acquired the note, commenced this foreclosure action alleging that defendants failed to make payments due since June 2008. Following joinder of issue, Supreme Court (Elliott III, J.) granted plaintiff's motion for summary judgment and appointed a referee by order filed on February 6, 2017 in the Greene County Clerk's office.
Thereafter, Supreme Court held a conference on September 5, 2017, at which only plaintiff's counsel appeared. At that conference, the court advised counsel that unless a motion seeking a judgment of foreclosure was filed by October 20, 2017, the case would be dismissed pursuant to 22 NYCRR 202.27 (hereinafter Rule 202.27). No motion was made and, by letter order dated November 15, 2017, the court dismissed the action as abandoned pursuant to Rule 202.27. In August 2018, plaintiff's motion for a judgment of foreclosure was also dismissed without prejudice to a motion to vacate the earlier dismissal. Almost four years after dismissal of the action, in October 2021, plaintiff filed a motion to vacate the dismissal and to restore the action to the court's calendar. Supreme Court (Silverman, J.) denied the motion, and plaintiff appeals.
We affirm. The direct issue on this appeal is whether plaintiff met its burden of demonstrating a basis to vacate the default. A plaintiff seeking to vacate a default pursuant to CPLR 5015 (a) (1) must demonstrate both a reasonable excuse for the default and a meritorious claim (see Eugene Di Lorenzo, Inc. v A.C. Dutton Lbr., Co., 67 NY2d 138, 141 [1986]; OneWest Bank, F.S.B. v Mazzone, 186 AD3d 1815, 1816 [3d Dept 2020], lv dismissed 36 NY3d 1087 [2021]). Under the statute, a vacatur motion must be made within one year after service of the order with notice of entry.[FN1] Summary judgment having already been granted in plaintiff's favor, merit has been established.
Focusing on the underlying order, plaintiff maintains that since it appeared at the September 5, 2017 conference, Supreme Court lacked authority under Rule 202.27 to dismiss the action. In this regard, plaintiff urges this Court to follow the lead of the Second Department in two recent cases, where that Court abandoned its prior holdings "that a failure to comply with a directive in a prior status conference order amounts to a nonappearance . . . or a failure to announce readiness to proceed . . . within the meaning of 22 NYCRR 202.27" (U.S. Bank N.A. v Bhagwandeen, 216 AD3d 700, 702 [2d Dept 2023]; see Deutsche Bank Trust Co. Ams. v Gonzales, 215 AD3d 636, 638 [2d Dept 2023]). In so holding, the Second Department has determined that when a party appears as scheduled for a [*2]conference, Rule 202.27 does not provide authority for directing a dismissal for noncompliance with a court's directive. The Court further held that dismissal was not warranted because the plaintiff in each case failed to establish that the statutory preconditions to dismissal under CPLR 3216 had been met.
We decline plaintiff's invitation. This Court has consistently held that a trial court is authorized to dismiss a case as abandoned under Rule 202.27 when the party fails to timely comply with a court's directive to progress the case (see Wilmington Sav. Fund Socy., FSB v Bardini, 207 AD3d 898, 898-899 [3d Dept 2022]; BAC Home Loans Servicing, LP v Funk, 154 AD3d 1244, 1245 [3d Dept 2017]; US Bank N.A. v Thurm, 140 AD3d 1578, 1578-1579 [3d Dept 2016]). Pursuant to CPLR 3401, the chief administrator of the courts is required to adopt rules regulating "the hearing of causes . . . and the calendar practice for the courts." Beyond requiring a party's appearance at a conference, Rule 202.27 implements that statutory directive by requiring each party to be ready to proceed with the case. Here, the order of reference had been outstanding for almost nine months when Supreme Court scheduled the conference to address plaintiff's delay in moving for a judgment of foreclosure. At that conference, the court granted plaintiff's counsel's request for an extension of time to make the motion. When plaintiff failed to comply, the court was authorized to dismiss the action pursuant to Rule 202.27.
We are mindful that the one-year statutory period for seeking to vacate a default order is not a statute of limitations (see Matter of Broome County Dept. of Social Servs. v Royce Y., 200 AD3d 1524, 1526-1527 [3d Dept 2021]; Machnick Bldrs. v Grand Union Co., 52 AD2d 655, 655 [3d Dept 1976]) and that the court retains inherent authority to entertain a late application (see Wade v Village of Whitehall, 46 AD3d 1302, 1303 [3d Dept 2007]). The court also has discretion to accept law office failure as a reasonable excuse for a party's default (see CPLR 2005; Gellert v Shannon, 215 AD3d 805, 807 [2d Dept 2023]; OneWest Bank, F.S.B. v Mazzone, 186 AD3d at 1817). The only excuse plaintiff proffers here is that "plaintiff's prior counsel was unfortunately not able to file the motion for judgment within the time period set by the court." That explanation generically speaks to the court's initial directive to file a motion for judgment by October 20, 2017 and ignores the ensuing four-year delay in seeking vacatur. On this record, Supreme Court acted within its discretion in denying the motion.
Egan Jr., J.P., Aarons, Fisher and McShan, JJ., concur.
ORDERED that the order is affirmed, without costs.

Footnotes

Footnote 1: Plaintiff maintains in its brief that "it does not appear that the order of dismissal was ever served upon [plaintiff] with [n]otice of [e]ntry." Plaintiff has offered no affirmative proof to support that assertion.