Nationstar Mtge. LLC v Sheeley (2024 NY Slip Op 01961)

Nationstar Mtge. LLC v Sheeley

2024 NY Slip Op 01961

Decided on April 11, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:April 11, 2024

CV-22-2138
[*1]Nationstar Mortgage LLC, Appellant,
v
Claudia C. Sheeley, Respondent et al., Defendant.

Calendar Date:February 22, 2024

Before:Aarons, J.P., Pritzker, Reynolds Fitzgerald, Fisher and McShan, JJ.

McCalla Raymer Leibert Pierce, LLC, New York City (Brian P. Scibetta of counsel), for appellant.
Legal Services of the Hudson Valley, Poughkeepsie (Daniel McEnroe of counsel), for respondent.

Fisher, J.
Appeal from an order of the Supreme Court (James P. Gilpatric, J.), entered July 14, 2022 in Ulster County, which denied plaintiff's motion to vacate a prior order of the court.
In August 1997, defendant Claudia C. Sheeley (hereinafter defendant) executed a note to borrow a certain sum from Marine Midland Mortgage Corporation, secured by a mortgage against her real property in Ulster County. In August 2010, one of plaintiff's predecessors in interest commenced this foreclosure action alleging that defendant had failed to make payments due since April 2010. Defendant joined issue and the matter was dismissed for failure to prosecute in September 2013 (hereinafter the first dismissal order). Plaintiff subsequently obtained the note and mortgage and, in June 2017, moved to vacate the dismissal and for summary judgment; Supreme Court granted the unopposed motion, restoring the matter to the active calendar. In March 2018, Supreme Court sent a form status letter requesting an update, notably warning that "[f]ailure to respond on or before April 30, 2018, which date shall constitute a scheduled call of the calendar, shall be considered grounds for dismissal or default pursuant to 22 NYCRR § 202.27."[FN1]
In September 2018, following plaintiff's failure to respond to the status letter, Supreme Court dismissed the matter pursuant to 22 NYCRR 202.27 (hereinafter the second dismissal order). In December 2021, plaintiff moved pursuant to CPLR 5015 (a) (1) to vacate the second dismissal order on the grounds that there was a reasonable excuse of law office failure and that there was a meritorious cause of action. Defendant, represented by new counsel, opposed the motion, contending that the action was untimely and that plaintiff failed to demonstrate a reasonable excuse for the three-year delay in moving to vacate the second dismissal order. Supreme Court denied the motion, finding that plaintiff did not demonstrate a reasonable excuse why it failed to restore the matter in a timely manner after the second dismissal order. Plaintiff appeals.
In seeking relief pursuant to CPLR 5015 (a) (1), "[a] motion to vacate a dismissal pursuant to 22 NYCRR 202.27 must be supported by a reasonable excuse for the failure to proceed and a meritorious cause of action" (Wilmington Sav. Fund Socy., FSB v Bardini, 207 AD3d 898, 899 [3d Dept 2022] [internal quotation marks and citations omitted]). In evaluating what constitutes a reasonable excuse, a court may, in the absence of willfulness, deliberate default or a showing of prejudice, accept law office failure as an excuse where such claim is supported by a detailed and credible explanation (see U.S. Bank, N.A. v Clarkson, 187 AD3d 1376, 1377 [3d Dept 2020]; Mothon v ITT Hartford Group, 301 AD2d 999, 1000 [3d Dept 2003]). "Under the statute, a vacatur motion must be made within one year after service of the order with notice of entry" (Bank of N.Y. Mellon v Vaiana, 218 AD3d 1094, 1095 [3d Dept 2023]; see CPLR 5015 [a] [1]). A determination [*2]upon such motion "is addressed to the court's sound discretion, subject to reversal only where there has been a clear abuse of that discretion" (OneWest Bank, F.S.B. v Mazzone, 186 AD3d 1815, 1816 [3d Dept 2020] [internal quotation marks and citations omitted], lv dismissed 36 NY3d 1087 [2021]; see Hayes v Village of Middleburgh, 140 AD3d 1359, 1362 [3d Dept 2016]).
Here, we are satisfied that plaintiff demonstrated a reasonable excuse for its default in responding to the status letter because of law office failure (see OneWest Bank, F.S.B. v Mazzone, 186 AD3d at 1816; Mothon v ITT Hartford Group, 301 AD2d at 1001). Such contention was properly supported by an attorney affidavit outlining the relevant protocol, explaining how it was violated by a single mistake and offering documentary evidence to corroborate same (see U.S. Bank, N.A. v Clarkson, 187 AD3d at 1377). We further observe that, in opposing the underlying motion, defendant conceded that this constituted a reasonable excuse for plaintiff's default in failing to respond to the status letter, but argued that such motion was untimely and that plaintiff failed to offer a reasonable excuse for the delay in moving to vacate the second dismissal order. However, contrary to defendant's contention, the motion to vacate was not untimely because it is undisputed that plaintiff was not served with notice of entry and, therefore, the one-year time period never commenced (see Torres v Rely On Us, Inc., 165 AD3d 731, 733 [2d Dept 2018]; Gottlieb v Northriver Trading Co. LLC, 106 AD3d 580, 580 [1st Dept 2013]; see also CPLR 5015 [a] [1]; compare Bank of N.Y. Mellon v Vaiana, 218 AD3d at 1095 n). As a result of this, plaintiff was not obligated to demonstrate a reasonable excuse for its delay in moving to vacate that order (see Hayes v Village of Middleburgh, 140 AD3d at 1362; see also Bank of N.Y. Mellon v Geffrard, 215 AD3d 723, 724 [2d Dept 2023]). Accordingly, since merit has been established given that summary judgment had already been granted in plaintiff's favor (see Bank of N.Y. Mellon v Vaiana, 218 AD3d at 1095), plaintiff's motion should have been granted. We have examined the remaining contentions of the parties and have found them to be without merit or academic.
Aarons, J.P., Pritzker, Reynolds Fitzgerald and McShan, JJ., concur.
ORDERED that the order is reversed, on the law, without costs, and plaintiff's motion granted.

Footnotes

Footnote 1: Such letter was signed by a judge's staff member and was not a conditional order signed by a judge. No conference was scheduled for April 30, 2018, nor does the record reflect that any conference had been scheduled after the matter was restored to the calendar and before the matter had been dismissed.