U.S. Bank N.A. v Hartquist (2024 NY Slip Op 02352)

U.S. Bank N.A. v Hartquist

2024 NY Slip Op 02352

Decided on May 2, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:May 2, 2024

CV-22-2042
[*1]U.S. Bank National Association, as Trustee, Appellant,
v
Steven Hartquist, Also Known as Steven W. Hartquist, et al., Defendants.

Calendar Date:January 9, 2024

Before:Egan Jr., J.P., Aarons, Pritzker, Reynolds Fitzgerald and Mackey, JJ.

Robertson, Anschutz, Schneid, Crane & Partners, PLLC, Westbury (Jason W. Creech of counsel), for appellant.

Egan Jr., J.P.
Appeal from an order of the Supreme Court (Julie A. Campbell, J.), entered February 28, 2022 in Cortland County, which denied plaintiff's motion to vacate a prior order.
In March 2005, defendants Steven Hartquist and Cathy Hartquist (hereinafter collectively referred to as defendants) executed a note to borrow $144,800 from Option One Mortgage Corporation that was secured by a mortgage on real property in the Village of Homer, Cortland County. Defendants and the loan servicer entered into a loan modification agreement in 2010. Plaintiff was subsequently assigned the mortgage and obtained possession of the note. Plaintiff commenced this mortgage foreclosure action in June 2014, alleging that defendants had defaulted in making payments required under the note and loan modification agreement from January 2011 onward. After defendants failed to appear within the time allowed, Supreme Court granted plaintiff's motion for an order of reference in November 2014.
The appointed referee declined to execute an oath and report in November 2015, apparently because of a disagreement between him and plaintiff regarding the need to record the loan modification agreement. Plaintiff, rather than attempting to address the referee's concerns, moved for the appointment of a substitute referee in May 2016. Supreme Court denied that motion in June 2016 and, in so doing, made clear that it was plaintiff's responsibility "to correct any defects . . . and to endeavor to prepare a report which is acceptable to the duly-appointed referee."
Plaintiff thereafter made no progress in that regard; indeed, over the course of the ensuing three years, it appears that plaintiff did nothing at all aside from changing counsel in March 2019. Supreme Court accordingly held a status conference on November 21, 2019, where the court directed plaintiff to move for a final judgment of foreclosure and sale no later than December 31, 2019. After plaintiff failed to file that motion or otherwise seek an extension of time in which to do so, Supreme Court issued an April 2020 order in which it dismissed the action for failure to prosecute and cancelled the notice of pendency. In December 2021, plaintiff moved to, among other things, vacate the April 2020 order and restore the action to the calendar. Supreme Court denied the motion, and plaintiff appeals.
We affirm. Initially, we reject plaintiff's contention that the action was improperly dismissed. Although the April 2020 order does not specify which statutory or regulatory basis was being relied upon to dismiss the action, this Court has "consistently held" that 22 NYCRR 202.27 authorizes a trial court to dismiss an action as abandoned where a "party fails to timely comply with a court's directive to progress the case" (Bank of N.Y. Mellon v Vaiana, 218 AD3d 1094, 1096 [3d Dept 2023]; see Bank of N.Y. v Wells, 222 AD3d 1237, 1239 [3d Dept 2023]; Wilmington Sav. Fund Socy., FSB v Bardini, 207 AD3d 898, 898-899 [3d Dept 2022]).[FN1] Supreme Court [*2]described in its April 2020 order how plaintiff had made no effort to move this action forward since 2016 and how plaintiff was summoned to a status conference in November 2019, where the court directed plaintiff to move for a judgment of foreclosure no later than December 31, 2019. Plaintiff failed, without explanation, to comply with that directive, and Supreme Court was therefore within its discretion to dismiss the action pursuant to 22 NYCRR 202.27 (see Bank of N.Y. Mellon v Vaiana, 218 AD3d at 1096).
As for whether Supreme Court abused its discretion in denying plaintiff's motion to vacate the order of dismissal, such a motion "must be supported by a reasonable excuse for the failure to proceed and a meritorious cause of action" (BAC Home Loans Servicing, LP v Funk, 154 AD3d 1244, 1245 [3d Dept 2017] [internal quotation marks and citations omitted]; see CPLR 5015 [a] [1]; Bank of N.Y. Mellon v Vaiana, 218 AD3d at 1095; Wilmington Sav. Fund Socy., FSB v Bardini, 207 AD3d at 899). Here, "plaintiff's failure to meet the court-imposed deadline was a product of plaintiff's own delay in" waiting until December 19, 2019 to record the loan modification agreement — which, to reiterate, was the reason why the referee had refused to execute a report four years earlier — and then waiting until well after the December 31, 2019 deadline to contact the referee for the first time (Wilmington Sav. Fund Socy., FSB v Bardini, 207 AD3d at 899). Plaintiff further failed to alert Supreme Court to those delays or seek an extension of time in which to seek a foreclosure judgment, even after the referee advised plaintiff in March 2020 that he would not sign a referee's report until plaintiff provided a breakdown of the escrow advances that had been made during the prolonged pendency of this matter. Indeed, even when plaintiff moved to vacate the April 2020 order 20 months later, it gave no reason to believe that it was finally ready to seek a foreclosure judgment given that it was again seeking the appointment of a substitute referee.[FN2] Supreme Court observed, and we agree, that the foregoing conduct was consistent with plaintiff's years-long delay in prosecuting this matter and reflected an ongoing "pattern of willful default and neglect which cannot be excused." Thus, plaintiff having failed to demonstrate a reasonable excuse for its failure to proceed, Supreme Court did not abuse its discretion in denying the motion to vacate.
Plaintiff's remaining contentions, to the extent that they are not addressed above, have been examined and are lacking in merit.
Aarons, Reynolds Fitzgerald and Mackey, JJ., concur.
Pritzker, J. (dissenting).
I respectfully dissent. Supreme Court's April 2020 order fails to specifically reference the statutory or regulatory basis for its sua sponte dismissal, leaving this Court in the position of having to glean that basis only from the language contained in the order. Indeed, Supreme Court's authority to sua sponte dismiss cases is defined [*3]and limited by statutes and regulations, including CPLR 3216, 3404 and 3215 (c) and 22 NYCRR 202.27 (see Bank of N.Y. v Wells, 222 AD3d 1237, 1240 [3d Dept 2023]; Bank of N.Y. v Harper, 176 AD3d 907, 908-909 [2d Dept 2019]). While the majority posits that the basis of the dismissal order was 22 NYCRR 202.27, it is my opinion that this conclusion is not supported by the record. The language in the April 2020 order makes clear that the dismissal was not solely based upon plaintiff's failure to follow the court's directive to file a motion by December 31, 2019, but rather plaintiff's pattern of neglect and delay and failure to "take necessary steps to prosecute the matter" since May 2016, which included the failure to comply with the court's directive.[FN3] This is significant.
Despite this, it is my opinion that were we to consider Rule 202.27 as the basis for the dismissal, it would not have been proper. Initially, I acknowledge that, at the present time, there is controversy as to when it is proper to dismiss a case as abandoned under Rule 202.27. Specifically, the Second Department has diverged from its prior jurisprudence and recently held that "[w]here a party appears as scheduled, 22 NYCRR 202.27 'provides no basis for the court to summarily dismiss the action for failure to prosecute' " (U.S. Bank N.A. v Bhagwandeen, 216 AD3d 700, 701-702 [2d Dept 2023], quoting Bank of N.Y. v Harper, 176 AD3d at 909). This Court, in Bank of N.Y. Mellon v Vaiana (218 AD3d 1094 [3d Dept 2023]), has expressly declined to follow the Second Department's lead(id. at 1095-1096). Instead, this Court has reiterated that a court is "authorized to dismiss a case as abandoned under Rule 202.27 when the party fails to timely comply with a court's directive to progress the case" (id. at 1096). However, even given this Court's position in Vaiana, it is still my opinion that dismissal here pursuant to Rule 202.27 is improper.
A review of the record demonstrates that, at the November 2019 conference, a verbal directive was given to plaintiff to "file a motion for final judgment no later than December 31, 2019." No written order was entered to this effect (compare Bank of N.Y. v Wells, 222 AD3d at 1238), nor was plaintiff advised that failure to file the motion would result in dismissal of the action (compare Bank of N.Y. Mellon v Vaiana, 218 AD3d at 1095). There is no dispute that the motion deadline came and went. Then, months later, on April 8, 2020, Supreme Court sua sponte dismissed the action in an order that did not reference the basis for its dismissal (compare id.). Given these facts, I do not find Rule 202.27 to be the proper basis for Supreme Court's sua sponte dismissal (see generally Bank of N.Y. v Harper, 176 AD3d at 909). To the extent that Vaiana says otherwise, I respectfully disagree with that holding.
It is also my opinion that dismissal under CPLR 3216, aptly titled "Want of prosecution," would be improper even though this statute is more fitting and appears [*4]to be the basis relied on by Supreme Court for its dismissal. Pursuant to CPLR 3216 (a), "[w]here a party unreasonably neglects to proceed generally in an action or otherwise delays in the prosecution thereof . . . , the court, on its own initiative or upon motion, with notice to the parties, may dismiss the party's pleading." However, "[n]o dismissal shall be directed . . . and no court initiative shall be taken . . . unless [certain specified] conditions precedent have been complied with" (CPLR 3216 [b]). One such condition precedent is that "[i]ssue must have been joined in the action" (CPLR 3216 [b] [1]).[FN4] Here, it is undisputed that issue has not been joined (see Baczkowski v Collins Constr. Co., 89 NY2d 499, 503 [1997]; Novastar Mtge., Inc. v Melius, 145 AD3d 1419, 1421 [3d Dept 2016]). Thus, this was not a proper basis for dismissal of the action.
Given the foregoing, I find it prudent to briefly address the remaining statutory authority under which Supreme Court could have sua sponte dismissed the action; to wit, CPLR 3404 and 3215 (c). However, neither of these bases are applicable here. Specifically, CPLR 3404 does not apply given that a note of issue has not been filed (see Santiago v City of New York, 206 AD3d 948, 950 [2d Dept 2022]; Wilmington Trust, N.A. v Mausler, 192 AD3d 1212, 1213 [3d Dept 2021]). Nor does CPLR 3215 (c) apply inasmuch as plaintiff moved for a default and obtained an order of reference in November 2014, within one year of defendants' default (see Deutsche Bank Natl. Trust Co. v Khalil, 208 AD3d 555, 557-558 [2d Dept 2022]; Mortgage Elec. Registration Sys., Inc. v McVicar, 203 AD3d 915, 916-917 [2d Dept 2022]).
Thus, it is my opinion that because Supreme Court did not have a statutory basis for directing dismissal of the action, it erred in denying plaintiff's motion to vacate the order of dismissal and to restore the action to the calendar.
ORDERED that the order is affirmed, without costs.

Footnotes

Footnote 1: In its brief, plaintiff cites several cases from the Second Department for the proposition that Rule 202.27 does not authorize a trial court to dismiss an action where a party appears at a status conference and then fails to comply with a directive to move the case forward. As we recently made clear, we do not agree with that proposition (see Bank of N.Y. Mellon v Vaiana, 218 AD3d at 1095-1096).

Footnote 2: CPLR 5015 (a) (1) directs that a motion to vacate upon the ground of excusable default be "made within one year after service of a copy of the judgment or order with written notice of its entry upon the moving party, or, if the moving party has entered the judgment or order, within one year after such entry." Plaintiff does not claim that it was not promptly served and makes no effort to explain its prolonged delay in seeking vacatur.

Footnote 3: This conclusion is buttressed by Supreme Court's February 2022 order denying plaintiff's motion to vacate, wherein it stated that, "[p]laintiff having taken no action since May 2016, and nearly four years having elapsed, an [o]rder of [d]ismissal and [c]ancellation of [l]is [p]endens was entered on April 8, 2020," as well as the fact that the dismissal order was not entered until months after plaintiff failed to meet the December 2019 deadline.

Footnote 4: I also find it significant that in the April 2020 dismissal order Supreme Court specifically referenced "more than one year having elapsed," which is specified as another condition precedent in CPLR 3216 (b).