Gendelman v Lamendola (2025 NY Slip Op 02636)

Gendelman v Lamendola

2025 NY Slip Op 02636

Decided on May 1, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:May 1, 2025

CV-24-0268
[*1]Linda Gendelman, Appellant,
v
John Lamendola et al., Respondents, et al., Defendants.

Calendar Date:January 15, 2025

Before:Egan Jr., J.P., Aarons, Fisher, McShan and Mackey, JJ.

Hasapidis Law Offices, South Salem (Annette G. Hasapidis of counsel), for appellant.
Maynard, O'Connor, Smith & Catalinotto, LLP, Albany (Bridget M. Schultz of counsel), for respondents.

Aarons, J.
Appeal from an order of the Supreme Court (David Gandin, J.), entered September 19, 2023 in Sullivan County, which, among other things, denied plaintiff's motion to vacate a prior order.
In 2018, plaintiff commenced this action pursuant to RPAPL article 15, seeking to quiet title in a parcel of land being used as a driveway/private road located in the Town of Fallsburg, Sullivan County. In 2019, following joinder of issue, defendants John Lamendola, Anne Lamendola and Castrenzia Oddo (hereinafter collectively referred to as defendants) filed a notice to conduct a deposition of plaintiff and made initial discovery demands. Thereafter, with no deposition yet scheduled and no response to discovery forthcoming, Supreme Court issued a preliminary conference order in September 2020 requiring all responses to discovery demands be served by November 13, 2020.
Following plaintiff's failure to provide timely responses to discovery as well as to supplemental discovery demands, Supreme Court twice amended the conference order by extending the deadline for plaintiff to respond to the outstanding discovery demands until February 5, 2021 and May 14, 2021, respectively. After plaintiff failed to appear at a status conference on August 18, 2021 or comply with the court-imposed deadlines, the court, at the rescheduled status conference in September 2021, issued a third amended conference order directing, among other things, that depositions be completed by November 19, 2021 and setting the end date of all disclosure (with the exception of expert disclosure) as December 17, 2021. Following difficulty in the parties scheduling plaintiff's deposition, the court issued yet another amended conference order requiring depositions to be completed by February 25, 2022 and directing that a note of issue be filed on March 18, 2022.
No deposition was conducted as directed by Supreme Court, prompting defendants to request permission to move to dismiss the complaint for plaintiff's failure to comply with the court order. Following a status conference, the court directed plaintiff to appear for a deposition on April 28, 2022, which deposition was completed despite the lack of response to the paper discovery demands. At a court-scheduled compliance conference on May 26, 2022 at which plaintiff failed to appear, Supreme Court issued an order directing, among other things, that plaintiff provide a full and complete response to outstanding discovery by June 14, 2022 and made clear that, should plaintiff not comply, defendants were granted leave to make an appropriate application. Plaintiff did not comply.
Thereafter, on June 29, 2022, defendants moved to strike/dismiss the complaint with prejudice, based upon plaintiff's alleged willful failure to respond to discovery demands or comply with numerous court orders over a protracted period. No papers in opposition were filed by plaintiff. Supreme Court granted defendants' unopposed motion to dismiss the complaint pursuant to CPLR 3126 [*2]and 22 NYCRR 202.27, with prejudice and costs. Plaintiff thereafter moved pursuant to CPLR 5015 to vacate the dismissal. Defendants opposed the motion and cross-moved for sanctions and counsel fees. Supreme Court denied both parties' motions. Plaintiff appeals.
Plaintiff contends that Supreme Court erred in failing to vacate the default. We disagree. In order to prevail on a motion pursuant to CPLR 5015 to vacate a prior order of dismissal upon the ground of, as is relevant here, excusable default, the defaulting party must demonstrate both a reasonable excuse for the default and the existence of a potentially meritorious cause of action (see Bank of N.Y. Mellon v Vaiana, 218 AD3d 1094, 1095 [3d Dept 2023]; Hayes v Village of Middleburgh, 140 AD3d 1359, 1362 [3d Dept 2016]). "A determination upon such motion is addressed to the court's sound discretion, subject to reversal only where there has been a clear abuse of that discretion" (Nationstar Mtge. LLC v Sheeley, 226 AD3d 1185, 1186 [3d Dept 2024] [internal quotation marks and citations omitted]; see Wilmington Sav. Fund Socy., FSB v Bardini, 207 AD3d 898, 899 [3d Dept 2022]).
In support of the motion to vacate, plaintiff asserted that the failure to oppose the motion to dismiss was due to counsel's misapprehension of the deadline to submit opposition papers and counsel's belief that those papers were precluded because defendants declined plaintiff's belated request for an extension of time, and Supreme Court did not respond to her ex parte letter requesting same. Plaintiff further asserted that challenges related to the COVID-19 pandemic as well as counsel's difficulty in performing any technological tasks interfered with the ability to appear at conferences and hampered efforts to comply with discovery. Although law office failure can be excused for isolated and inadvertent mistakes, it should not be excused for repeated neglect (see Federal Natl. Mtge. Assn. v Banks, 198 AD3d 1222, 1224 [3d Dept 2021]; compare Nationstar Mtge. LLC v Sheeley, 226 AD3d at 1186-1187). Plaintiff's conclusory and generalized assertions do not demonstrate a reasonable excuse for either the repeated delay in failing to comply with the discovery order for a 2½-year period — despite multiple adjournments and repeated, good faith efforts by defendants requesting that such discovery be provided — or the failure to appear at numerous court conferences. The lack of opposition to defendants' dismissal motion was consistent with that pattern of neglect, which pattern law office failure cannot excuse (see U.S. Bank N.A. v Hartquist, 227 AD3d 1149, 1151-1152 [3d Dept 2024]; 122-24 Lexington Ave. Corp. v Wesco Ins. Co., 198 AD3d 593, 593 [1st Dept 2021]). Accordingly, we discern no abuse of discretion on Supreme Court's part, and its denial of plaintiff's motion to vacate its order of dismissal will not be disturbed (see U.S. Bank N.A. v Hartquist, 227 AD3d at 1152; Wilmington Sav. Fund Socy., FSB v Bardini, 207 AD3d at 899-900[*3]; 122-24 Lexington Ave. Corp. v Wesco Ins. Co., 198 AD3d at 593; see generally McCue v Trifera, LLC, 173 AD3d 1416, 1419 [3d Dept 2019]). In light of this determination, we need not address plaintiff's contention that a meritorious cause of action exists (see Federal Natl. Mtge. Assn. v Banks, 198 AD3d at 1225; Chase Home Fin., LLC v Desormeau, 152 AD3d 1033, 1035 [3d Dept 2017]).
Egan Jr., J.P., Fisher, McShan and Mackey, JJ., concur.
ORDERED that the order is affirmed, with costs.